**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Adam George HOMA, Jr.,**
**Defendant-Appellant.**

**No. 78–1220.**

United States Court of Appeals,
Tenth Circuit.

Argued May 15, 1979.

Decided Oct. 15, 1979.

Rehearing Denied Nov. 23, 1979.

C. Scott Crabtree, Asst. U. S. Atty., Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., on brief), for plaintiff-appellee.

Marshall A. Fogel, Denver, Colo. (William L. Keating and Fogel, Keating & Wagner, Denver, Colo., on brief), for defendant-appellant.

Before SETH, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

Adam George Homa, Jr. was charged in a three-count indictment with the unlawful possession of thirty-seven grenades which were not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). Specifically, Homa was charged in count 1 of the indictment with the unlawful possession of seven AN–M14 TH incendiary hand grenades; in count 2 with the unlawful possession of eighteen AN–M14 TH3 incendiary hand grenades; and in count 3 with the unlawful possession of twelve WP/M34 hand and rifle grenades.

Homa waived trial by jury, and stipulated that he knowingly possessed the thirty-seven grenades described in the indictment, and stipulated further that none of the grenades was registered in the National

Firearms Registration and Transfer Record. The only issue remaining was whether the grenades in question constituted a "firearm" as that term is defined in 26 U.S.C. § 5845. The trial court, at the conclusion of the Government's case, granted Homa's motion for judgment of acquittal on counts 1 and 2 of the indictment. However, the trial court adjudged Homa guilty on count 3 of the indictment, and it is from that judgment that Homa prosecutes the present appeal. The trial court's findings, conclusions and order appear as *United States v. Homa,* 441 F.Supp. 330 (D.Colo.1977).

26 U.S.C. § 5861(d) provides that it is unlawful for any person to possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record. 26 U.S.C. § 5871 sets forth the penalty for such unlawful possession. 26 U.S.C. § 5845 is the definitions section of the statute. One of the definitions of the term "firearm" is the term "destructive device." 26 U.S.C. § 5845(a). The term "destructive device" is itself defined as including any explosive or incendiary grenade. 28 U.S.C. § 5845(f). However, that same sub-section further provides that the term "destructive device" shall *not* include any device "which is neither designed nor redesigned for use as a weapon."

Under the foregoing statutes, then, it is unlawful to possess an unregistered "firearm." A "firearm," by statute, means, *inter alia,* any "destructive device." A "destructive device," in turn, means any "explosive, incendiary . . . grenade." It is undisputed that the WP/M34 (white phosphorous) hand and rifle grenade with which we are here concerned is an explosive and incendiary grenade, and hence under the statute is a destructive device and therefore a firearm within the statutory definition of that term.

■ However, as above noted, the section of the statute defining the term "destructive device" contains several exceptions, one of which is that a device "which is neither designed nor redesigned for use as a weapon" is not a destructive device. In this latter regard the trial judge not only found

that the WP/M34 grenade was an explosive and incendiary grenade, as that phrase is used in the statute, but he also found that this particular white phosphorous grenade was in fact designed for use as a weapon, and hence did not come within the exception referred to above. The main issue on appeal is whether the trial judge's finding that the WP/M34 grenade was designed for use as a weapon is supported by the record, or on the contrary is clearly erroneous. Our perusal of the record indicates that such finding is not clearly erroneous and is supported by the record.

It is defendant's theory that the WP/M34 hand and rifle grenade is *not* designed for use as a weapon, and, on the contrary, is designed to be used for smoke signaling and screening purposes. Admittedly, some evidence was introduced to support such theory of the case. However, the Government called two witnesses in its case-in-chief, namely witnesses Norton and Gleason, who testified that the primary use of the WP/M34 grenade was to inflict casualties. Based on the testimony of Norton and Gleason the trial judge found that the WP/M34 grenade was capable of producing human injuries, not by fragmentation, but by the dispersion of 5000° Fahrenheit white phosphorous particles which burn into human flesh, inflicting extremely painful burns. Without further belaboring the matter, the record supports the trial court's conclusion that the WP/M34 grenade did not come within the statutory exception that a destructive device does not include a device not designed for use as a weapon.

■ Homa also attacks the constitutionality of the statute under which he was convicted, contending that it is vague, violates the due process and *ex post facto* provisions of the Constitution, and the like. In our view, Homa's constitutional argument is unavailing. We simply do not perceive the constitutional infirmities about which Homa complains. For illustrative cases in accord with our conclusion, see *United States v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971); *United States v. Markley,* 567 F.2d 523 (1st Cir.

1977), *cert. denied*, 435 U.S. 951, 98 S.Ct. 1578, 55 L.Ed.2d 801 (1978); and *United States v. Ross*, 458 F.2d 1144 (5th Cir.), *cert. denied*, 409 U.S. 868, 93 S.Ct. 167, 34 L.Ed.2d 118 (1972).

The Government requests an advisory opinion, or at the least a suggestion from us, on the propriety of the trial court's ruling that the Government, as a part of its case-in-chief, must negate the statutory exception referred to above. This particular matter is not technically before us. It has not been fully briefed. For these reasons, as well as others, we decline to thus opine.

Judgment affirmed.