**UNITED STATES of America, Plaintiff,**

v.

**Gary Lee SPIRES, Defendant.**

**No. SACR 91–0001–GLT.**

United States District Court,
C.D. California,
Santa Ana Division.

Feb. 7, 1991.

**12.** *See, supra* note 4.

Stephen G. Wolfe, Asst. U.S. Atty., Santa Ana, Cal., for plaintiff.

Maria G. Valdez, Deputy Federal Public Defender, Santa Ana, Cal., for defendant.

## OPINION AND ORDER

TAYLOR, District Judge.

This case presents the issue, on apparent first impression, whether the crime of possessing an unregistered firearm under 26 U.S.C. § 5861(d) is a "crime of violence," permitting a detention hearing under the Bail Reform Act. The Court holds that it is.

## BACKGROUND

Pursuant to a valid search warrant, the police searched the home of defendant, Gary Lee Spires, and found three machineguns. They arrested Spires and charged him with possession of an unlawfully manufactured firearm (26 U.S.C. § 5861(c)) and possession of an unregistered firearm (26 U.S.C. § 5861(d)).

At two hearings before a Magistrate Judge, the government moved for a detention hearing, contending the unregistered firearm possession count (26 U.S.C. § 5861(d)) was a "crime of violence," justifying a detention hearing under the Bail Reform Act. On both occasions, the Magistrate Judge denied the motion, holding the subject count was not a "crime of violence." The government now seeks review of those rulings.

## DISCUSSION

■ The only issue now before the Court is whether the government is entitled to a detention hearing. If a detention hearing is appropriate, it will be determined at that hearing whether proper grounds exist to detain the defendant.

Under the Bail Reform Act (18 U.S.C. §§ 3141–3151), in certain circumstances the court may hold a detention hearing to determine if the defendant should be held without bail until trial. One such circumstance is when the defendant is charged with a "crime of violence." 18 U.S.C. § 3142(f)(1)(A).

The Bail Reform Act defines "crime of violence" as

"(A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; or

"(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4).

The unlicensed firearm possession offense does not have as an element the "use, attempted use, or threatened use of physical force." Therefore, it is not a crime of violence under part (A) of the definition.

Part (B) of the definition applies to offenses that, while not containing an explicit use-of-violence element, are so inherently dangerous by their very nature that they constitute crimes of violence. The government contends that part (B) of the definition applies here. The Court agrees.

■ An offense may be a "crime of violence" even though force was not actually

threatened or used during the offense. The definition permits classification as a crime of violence if there is a substantial risk that force "may" be used in the course of the offense. Various courts have held that this element of the definition may be satisfied even when no violence actually occurred in the course of the unlawful act. For instance, in *United States v. McVicar*, 907 F.2d 1 (1st Cir.1990), the court explained that the fact a pickpocket's victim was unaware of the crime does not remove the risk that violence may occur during the offense. Accordingly, the court held that "larceny from the person" is a crime of violence. *See also United States v. Smith*, 909 F.2d 1164, 1168 (8th Cir.1990) ("The essence of burglary is violating another's premises. The crime carries with it a distinct risk of injury to the person."); *United States v. Brunson*, 907 F.2d 117 (10th Cir. 1990).

The unregistered firearm possession offense is a status crime. The government has not alleged Spires used the machineguns to commit unlawful acts. Rather, the allegations arise from Spires' mere possession. The government relies on the Ninth Circuit case of *United States v. O'Neal*, 910 F.2d 663 (9th Cir.1990) as authority that some status offenses nevertheless constitute crimes of violence. In *O'Neal*, the court considered whether the definition of "crime of violence" for sentencing purposes (18 U.S.C. § 16), which is identical to the Bail Reform Act definition in the present case, covers the status crime of felon in possession of a firearm. Citing references to congressional intent, *O'Neal* stated, "The history of the firearm laws reveals the strong congressional conviction that an armed felon poses a substantial threat to all members of society." 910 F.2d at 667. The court concluded the felon-in-possession status crime is a crime of violence for sentencing purposes.

A district court, in *United States v. Phillips*, 732 F.Supp. 255 (D.Mass.1990), reached the same conclusion under the Bail Reform Act. There, the court stated "possession [of a firearm] by a felon is, by its nature, a crime of violence ... [It is] an on-going offense, and may lead to the use of the firearm," and, thus, a detention hearing is warranted. *Id.* at 263.

The issue before this Court is whether congressional intent indicates, as it does for the felon-in-possession status crime, that the status offense of possession of a Title 26, Chapter 53 unregistered firearm presents such a threat to society and is such an inherently dangerous act that it constitutes a "crime of violence," justifying a detention hearing. This Court concludes that it does.

The term "firearm" used in Title 26, Chapter 53 is narrowly defined to encompass only weapons such as machineguns, sawed-off shotguns and rifles, silencers, and, bombs. 26 U.S.C. § 5845. Congress believed these particular weapons, as opposed to firearms in general[1], are extremely dangerous and serve virtually no purpose other than furtherance of illegal activity. *United States v. Schofer*, 310 F.Supp. 1292 (D.C.NY.1969), quoting a Supreme Court interpretation of the predecessor to Section 5845, states "[This] provision ... [was] so limited as to guarantee that 'only weapons used principally by persons engaged in unlawful activities' were [covered]." 310 F.Supp. at 1293 (quoting *Haynes v. United States*, 390 U.S. 85, 87, 88 S.Ct. 722, 725, 19 L.Ed.2d 923 (1968)). A district court, in *United States v. Homa*, 441 F.Supp. 330, 332 (D.Colo.1977), explains, "What must be registered [under Chapter 53] are those devices which are of such a nature that they are inherently inimical to the public safety if they are freely possessed by private persons in an open society." In *United States v. White*, 368 F.Supp. 470, 474 (N.D.Ind 1973), the court observed, "There can be no doubt that one of the basic purposes of this [registration] statute is to reduce traffic in such instruments that have as their prime purpose

---

1. Conversely, Chapter 44 of Title 18 addresses registration of virtually any type of firearm. As stated in *United States v. Schofer*, 310 F.Supp. 1292 (E.D.N.Y.1969), Chapter 44 applies to a broad spectrum of firearms, including those possessed by sports persons and householders, whereas Chapter 53 covers a narrow range of "gangster-type weapons."

human disfigurement and death." *See also* Annotation, *Validity, Construction, and Application of Provisions of National Firearms Act, etc.* 25 A.L.R. Fed. 344.

Congress created the registration provisions statutory scheme of Chapter 53 to ban virtually all private individuals from possessing these particular weapons. Only those manufacturers, importers and dealers expressly authorized by the Secretary of the Treasury may construct and transfer these weapons. 26 U.S.C. §§ 5801, 5802. These entities cannot transfer these weapons to a private party without prior, written approval from the Secretary. 26 U.S.C. § 5841(c). When applying to transfer a weapon, the transferor must submit to the Secretary the transferee's name, address, fingerprints and photograph. 26 U.S.C. 5812(a). The effect of this statutory scheme is that the Secretary may regulate any transaction that the Secretary believes will result in danger to society.

The Ninth Circuit, in *United States v. Peterson,* 475 F.2d 806, 810 (9th Cir.), *cert. denied,* 414 U.S. 846, 94 S.Ct. 111, 38 L.Ed.2d 93 (1973), states:

> "We have concluded from a perusal of the legislative history of the [registration] act that Congress was well aware of the rampant destruction of property and dangers to life and limb faced by the public through the use of converted military type weaponry and the street variety of homemade instruments and weapons of crime and violence. And with this awareness Congress intended to foster law and order among the public by the proscription of original and converted military type weapons and, also, the do-it-yourself type of similar devices and weapons of crime, violence, and destruction."

This Court concludes the analogy to the felon-in-possession status crime is applicable. Here, as there, the strong congressional conviction is that persons in unlawful possession of one of the extremely dangerous weapons proscribed in the registration statute pose a substantial threat to all members of society. Unlawful possession of these destructive devices is an ongoing offense, and may lead to the use of the weapon.

The Court holds the offense of unregistered firearm possession, 26 U.S.C. § 5861(d), by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of the unlawful possession. Therefore, this offense is a crime of violence as defined in 18 U.S.C. § 3156(a)(4)(B).

### ORDER

The government is entitled to a detention hearing. The case is remanded to the Magistrate Judge to conduct that hearing.