UNITED STATES of America

v.

William DODGE.

Nos. 2:92M07, 2:92M15.

United States District Court,
D. Connecticut.

Jan. 31, 1994.

Christopher F. Droney, U.S. Atty., U.S. Attorney's Office, New Haven, CT, for plaintiff.

Thomas Dennis, Federal Public Defender, Federal Public Defender's Office, Hartford, CT, for defendant.

## MEMORANDUM AND ORDER

SMITH, United States Magistrate Judge.

The defendant, William Dodge, is charged in one criminal complaint with receipt and possession of destructive devices (i.e., a pipe bomb and a silencer) not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(d), and in another complaint with conspiracy to possess a silencer in violation of 18 U.S.C. § 371. The government seeks Dodge's detention on three separate grounds: (1) that he is charged with a "crime of violence" as defined in 18 U.S.C. § 3156 [1]; (2) that he presents an unreasonable risk of flight; and (3) that he presents an unreasonable danger to the community. A hearing on the government's detention motion was held on January 25, 1994. A supplemental hearing was held on January 31, 1994.

### 1. Crime of Violence

Not every firearm need be registered with the Department of the Treasury's National Firearms Registration and Transfer Record. The only firearms which must be registered are "firearms" within the meaning of 26 U.S.C. § 5845. As used in that section, the term "firearm" includes machineguns, sawed-off shotguns, sawed-off rifles, silencers, and "destructive devices." 26 U.S.C. § 5845(a)(7) & (8). The term "destructive device" is defined in 26 U.S.C. § 5845(f)(1)(A) and plainly includes a pipe bomb like the one allegedly possessed by William Dodge.

The defendant was arrested on a complaint charging him with conspiracy to possess a silencer. At the time of the detention hearing, this was the only charge pending against him. Later, however, the government filed a second complaint charging Mr. Dodge with the substantive offense of possession of a silencer. This second complaint also charges him with the unlawful possession of a pipe bomb.[2]

An issue now before the court is whether an 18 U.S.C. § 371 conspiracy to possess a silencer in violation of 26 U.S.C. § 5861(d) is a "crime of violence" within the contemplation of 18 U.S.C. § 3156(a)(4)(B). The magistrate finds that it is. The magistrate further concludes that the substantive offenses of possessing an unregistered silencer and possessing an unregistered destructive device are also "crimes of violence" for purposes of the Bail Reform Act of 1984, 18 U.S.C. § 3156(a)(4)(B).

The term "firearm" is narrowly defined in 26 U.S.C. § 5845(a) to include only those weapons and devices which Congress believed to be either so inherently dangerous and lacking in legitimate utilitarian purpose, or so susceptible to misuse in criminal activities that they should not be possessed by private citizens freely and without federal regulation. *United States v. Spires*, 755 F.Supp. 890, 892 (C.D.Cal.1991); *United States v. Homa*, 441 F.Supp. 330, 332 (D.Colo.1977), *aff'd*, 608 F.2d 407 (10th Cir. 1979); *United States v. Schofer*, 310 F.Supp. 1292, 1293 (E.D.N.Y.1969). Because of the potential danger which unregistered firearms pose to society, the simple possession of such a firearm by a private citizen—even one with no prior criminal record—is a federal felony offense.

Because of their dangerousness and the high likelihood of their being employed to inflict grievous injury on innocent victims, the simple possession of "firearms," such as machineguns and sawed-off shotguns, have been held to be "crimes of violence" under 18 U.S.C. § 3156 without the necessity of the

---

1. For purposes of the Bail Reform Act of 1984, a "crime of violence" is defined as:

    (A) an offense that has an element of the offense, attempted use, or threatened use of physical force against the person or property of another, or

    (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

    18 U.S.C. § 3156(a)(4).

2. A brief detention hearing was held on January 24, 1994, at the time of Mr. Dodge's initial appearance on conspiracy charges, and continued on January 25. On January 26 the government filed a second complaint against Mr. Dodge, this time charging him with the additional substantive offense of possession of a silencer and possession of a bomb, both in violation of 26 U.S.C. § 5861(d). Because new charges were filed, the undersigned held a supplementary detention hearing on January 31, 1994.

government's proving that the particular firearm was actually used. Possession alone is enough because of the inherently dangerous nature of the firearm. *United States v. Sloan*, 820 F.Supp. 1133, 1136–37 (S.D.Ind. 1993). Common sense dictates that a pipe bomb—a destructive device as the term is used in § 5845(f)(1)(A) and, hence, a "firearm" within the purview of §§ 5845(a) and 5861(d)—be treated no differently.

Essentially the same is true with respect to silencers. It appears that the first effective, commercially successful silencer was patented by its inventor, Hiram Percy Maxim, on May 24, 1910, U.S. Patent 958, 934. While silencers arguably may have had legitimate utilitarian value when first produced, they eventually came to be employed as a tool of criminal activity and, indeed, synonymous with it.

The noise of a firearm and the attention that it attracts often are the only restraints preventing a criminal from using a weapon in the commission of a crime. By suppressing the report of a firearm, a silencer enables the weapon to be discharged stealthily, without notice and attention, thus eliminating that restraint and creating a serious danger. For the foregoing reasons, the magistrate concludes that the substantive offense of possession of an unregistered silencer in violation of 26 U.S.C. § 5861(d) also is a "crime of violence" within the meaning of the Bail Reform Act of 1984, 18 U.S.C. § 3156(a)(4)(B).

■ Having determined that the substantive offenses with which defendant Dodge is charged are crimes of violence under § 3156, it is appropriate to consider whether the inchoate offense of conspiracy to possess an unregistered firearm, 18 U.S.C. § 371, also is a "crime of violence" for purposes of the Bail Reform Act. In the circumstances of this case, the magistrate concludes that it is.

A conspiracy to violate 26 U.S.C. § 5861(d) by possessing an unregistered firearm involves an agreement with reference to an object which Congress has found to present a substantial danger. Each party to such an agreement becomes an agent of the other and, hence, each member of the conspiracy vicariously possess that object and exercises a degree of control over it. This relationship to the object, while insufficient to constitute the substantive offense of possession in violation of § 5861(d), evinces enough control over the unregistered firearm to qualify as a "crime of violence" for purposes of the Bail Reform Act, 18 U.S.C. § 3156(a)(4)(B). *See United States v. Chimurenga*, 760 F.2d 400 (2d Cir.1985) (conspiracy to commit robbery). Defendant Dodge's detention, therefore, is appropriate under 18 U.S.C. § 3156(a)(4)(B).

### 2. *Risk of Flight*

■ Section 3142(f)(2)(A) of the Bail Reform Act authorizes the detention of an individual who presents a serious risk of flight and for whom the court finds that there are no terms or conditions that reasonably would assure the individual's appearance to answer pending charges. Where detention is sought on risk of flight grounds, the government must prove two things by a preponderance of the evidence: (1) that the defendant presents a serious risk of flight if not detained; and (2) that there are no conditions that the court could fashion which would reasonably assure the defendant's appearance. *United States v. Gotti*, 794 F.2d 773, 777 (2d Cir.1986); *Chimurenga, supra*, 760 F.2d at 405.

■ The evidence before the court, including the report and recommendation of the Pre–Trial Service Officer, indicates that William Dodge is a life-long resident of Connecticut; that he is employed in this District; and that his two children reside here with their mother. Other family ties to the area include a brother, whose attendance at court sessions manifests a relationship with Mr. Dodge. Although he has a criminal record stretching back several years, it does not appear that he ever has been charged with failure to appear. There is no evidence of international travel, and Mr. Dodge does not possess a passport. In these circumstances, the magistrate cannot conclude that the defendant is an unreasonable flight risk, nor can he conclude that conditions could not be established that would reasonably assure Mr. Dodge's appearance.

### 3. *Dangerousness*

■ The Bail Reform Act of 1984 permits the government to seek detention where there is a serious risk that the defendant will, or will attempt to, obstruct justice or threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(B). Where

the government seeks detention under this section, it must sustain its burden of proof by "clear and convincing evidence." *Chimurenga, supra; United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir.1991). The words "clear and convincing" speak for themselves and need no definition.

■ The circumstances of Mr. Dodge's arrest also speak for themselves. Mr. Dodge, the alleged Grand Titan of the Ku Klux Klan of Connecticut, Massachusetts, and Rhode Island, was arrested by agents of the Bureau of Alcohol, Tobacco and Firearms after negotiating with an informant for the purchase of a silencer for a firearm and a pipe bomb capable of remote-control detonation. At the time of his arrest, Mr. Dodge allegedly had the pipe bomb and silencer in his possession. In addition, several firearms—including a "street sweeper" assault weapon—were found in his residence.

During negotiations with the informant, Mr. Dodge allegedly explained to the informant that he wanted to obtain the bomb and silencer in order to deal with things "the way the old Klan used to." Mr. Dodge also spoke of attaching a bomb to the gas tank of an automobile, and of his desire to obtain a bomb that could be placed against the wall of a building to start a fire, presumably to destroy the building and injure its inhabitants. Although Mr. Dodge does not yet have any felony convictions, he does have a criminal record that reflects both ruffianism and a pending state court prosecution for a violation of Connecticut's "hate crime" law in connection with the alleged use of force, threats, and intimidation directed to gay patrons of a local bar.

It is fundamental that a person cannot be prosecuted for holding unpopular beliefs, for speaking unpopular words, or for belonging to an unpopular organization. The First Amendment to our Federal Constitution safeguards us from this. The court, however, cannot accept Mr. Dodge's argument that he is being prosecuted because of his unpopular political beliefs and his membership in the Ku Klux Klan. In reality, the court finds that Mr. Dodge is being prosecuted for his action in acquiring a bomb and a silencer, which, by his very own words, he intended to use on innocent people in violation of state and federal law. Mr. Dodge's Klan membership is relevant only in that it helps identify the potential victims on whom he might have used these terrorist tools had he not been arrested.

For the foregoing reasons, the magistrate finds by clear and convincing evidence that Mr. Dodge poses an unreasonable danger to potential witnesses against him, to prospective jurors in this case, and to the safety of society in general. The magistrate further finds by clear and convincing evidence that there are no terms and conditions of release that would reasonably assure the safety of the potential witnesses, potential jurors, or the community. While the terms and conditions suggested by the Pre–Trial Services Officers may well be adequate to assure Mr. Dodge's appearance at trial, the magistrate specifically finds that they are inadequate to reasonably protect against the dangerousness which this defendant poses. Accordingly, the defendant is ordered detained pursuant to 18 U.S.C. § 3142(f)(2)(B).

SO ORDERED.