### UNITED STATES of America

### v.

### William E. DODGE, Defendant.

### Crim. No. 3:94CR00018 (TFGD).

United States District Court,
D. Connecticut.

Feb. 14, 1994.

**30.** *See* Plaintiff's Memorandum (filed Dec. 16, 1993), at 6.

Christopher F. Droney, U.S. Atty., John H. Durham, Deputy U.S. Atty., Anthony E. Kaplan, Asst. U.S. Atty., New Haven, CT, for government.

Thomas H. Dennis, Federal Public Defender, Hartford, CT, for defendant.

## RULING ON DEFENDANT'S MOTION FOR DE NOVO REVIEW OF DETENTION ORDER

DALY, District Judge.

The defendant William E. Dodge ("Dodge") moves the Court pursuant to 18 U.S.C. § 3145(b) for a review of Magistrate Judge Smith's January 31, 1994 filed Memorandum and Order directing his detention prior to and during his trial. After *de novo*

review of the evidence at a hearing held on February 10, 1994, and for the reasons stated below, the Court affirms, approves and adopts the findings set forth in the Magistrate Judge's Memorandum and Order concerning the presence of a "crime of violence" under 18 U.S.C. § 3156(a)(4)(B) and a risk of danger to prospective witnesses, jurors or the community under 18 U.S.C. § 3142(f)(2)(B). The Magistrate Judge's Memorandum and Order is amended as to one finding, however, as the Court concludes that the defendant also presents a serious risk of flight and that no reasonable terms or conditions exist that would assure his appearance in Court.

## BACKGROUND

The defendant was arrested by the Bureau of Alcohol, Tobacco and Firearms on January 21, 1994 on a complaint charging a conspiracy to possess an unregistered silencer in violation of 18 U.S.C. § 371. Dodge was presented before Magistrate Judge Smith on January 24, wherein the government moved for pretrial detention. The Magistrate Judge held an initial bond hearing the following day, and then referred the matter to Pretrial Services for a study and report. On January 26 the government filed a second complaint, charging the defendant with the additional substantive offenses of possession of the unregistered silencer and the unregistered pipe bomb. The Magistrate Judge then held a continued hearing on Monday, January 31, and in a Memorandum and Order issued that same day he directed that Dodge be detained, based on the conclusion that the allegations constituted crimes of violence and that the defendant presents an unreasonable danger to potential witnesses and jurors and to the safety of the community. 842 F.Supp. 643. A federal grand jury then handed down an indictment on February 1, 1994, charging the defendant with conspiracy to possess an unregistered silencer, in violation of 18 U.S.C. § 371, and possession of an unregistered silencer and an unregistered destructive device, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.

The defendant now moves the Court for *de novo* review of the detention order pursuant to 18 U.S.C. § 3145(b). A hearing was held on the motion on February 10, 1994. The transcripts of the three detention hearings held before Magistrate Judge Smith, as well as the exhibits offered by the government at those hearings, were entered into the record before the Court, and the defendant supplemented that record with personal letters from his employer, friends, and family. On February 11, 1994 the Court granted the defendant's motion and, after *de novo* review, affirmed the Magistrate Judge's Memorandum and Order in substantial part. The following constitutes the Court's findings of facts and law pursuant to 18 U.S.C. § 3145(b).

## DISCUSSION

The government sought the defendant's detention on the grounds that he: (1) is charged with a "crime of violence" within the meaning of 18 U.S.C. § 3156; (2) presents an unreasonable risk of flight; and (3) presents an unreasonable danger to prospective witnesses, jurors or the community as a whole. These grounds will be considered *seriatim.*

### A. Crime of Violence

■ The government first asserts that this case involves a "crime of violence" as defined by the Bail Reform Act of 1984 ("Bail Reform Act"), 18 U.S.C. § 3156(a)(4)(B). Magistrate Judge Smith agreed, concluding that the crimes of conspiracy to possess an unregistered silencer, and of possession of an unregistered silencer and pipe bomb capable of remote-control detonation, constituted "crimes of violence" within the meaning of the Bail Reform Act. *See* January 31, 1994 Memorandum and Order ("Mem. and Order") at 645. The Court adopts this conclusion.

■ Section 3156(a)(4)(B) defines a "crime of violence" as "any ... offense that is a felony and that, by its nature, involves a substantial risk that *physical force against the person or property of another may* be used in the course of committing the offense." (Emphasis added.) Actual use of physical force against another is not an essential element of a "crime of violence" under this section, as evidenced by the use of the conditional term "may." Rather, the inquiry

must·focus on whether the crimes alleged presented a "substantial risk" of use of force during their pendency. *See United States v. Aiken*, 775 F.Supp. 855, 856 (D.Md.1991).

Magistrate Judge Smith correctly focused on the presence of such a risk in the crimes allegedly committed by the defendant. As noted in the·Memorandum and Order, both a silencer and a pipe bomb are inherently dangerous weapons for which no peaceful purpose can be seriously suggested, regardless of whether the weapons actually are used. *See* Mem.·and Order at 644–45 (citing *United States v. Sloan*, 820 F.Supp. 1133, 1136–37 (S.D.Ind.1993)). The mere possession of such weapons, therefore, presents a "substantial risk" of physical injury to others. As the possession of these weapons also constituted continuing offenses, the risk of harm to others remained present throughout their alleged commission. *See, e.g., United States v. Ballentine*, 4 F.3d 504, 507 (7th Cir.1993) (holding unlawful possession of firearm to.be a continuing offense); *United States v. Horodner*, 993 F.2d 191, 193 (9th Cir.1993) (same); *cf. United States v. Dunn*, 935 F.2d 1053, 1059 (9th Cir.1991) (holding, under Sentencing Guidelines, that "possession of an unregistered firearm is presumptive evidence of unlawful violent intentions and, therefore, involves the substantial risk of violence necessary to label the possession a crime of violence"). The risk of harm to others was particularly great in this case, according to the government's proffer, given the defendant's intended uses for these weapons. The Magistrate Judge therefore correctly found that the alleged crime of conspiracy to possess an unregistered silencer, as well as the alleged crimes of possession of the unregistered silencer and the unregistered explosive device, "involve[ ] a substantial risk that physical force against the person or property of another may be used." *See* Mem. and Order at 644; *see also Aiken*, 775 F.Supp. at 856; *United States v. Spires*, 755 F.Supp. 890 (C.D.Cal.1991); *United States v. Kruszewski*, 1991 WL 268684 (N.D.Ind.1991).

**B. Risk of Flight**

█ The government next contends that pretrial detention is warranted pursuant to 18 U.S.C. § 3142(e) because the defendant presents a risk of flight. To order detention on this ground the Court must find that the defendant presents a serious risk of flight and that no reasonable conditions could assure the defendant's presence at trial. *United States v. Berrios–Berrios*, 791 F.2d 246, 250 (2d Cir.), *cert. dismissed*, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). Magistrate Judge Smith concluded, on the basis of the Report and Recommendation of the Pre-Trial Services Officer, that detention on this ground was not warranted.

█ The Court must look to three factors to determine whether a risk of flight exists: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the defendant; and (3) the history and characteristics of the person, including his character, family and community ties, employment, criminal history, and record concerning appearances at court proceedings. 18 U.S.C. § 3142(g). The government must establish these factors by a preponderance of the evidence. *See United States v. Jackson*, 823 F.2d 4, 6 (2d Cir.1987).

The Court concludes, in light of additional evidence not presented before the Magistrate Judge, that an unreasonable risk of flight exists in this case. First, the crimes alleged in this case are sufficiently serious, particularly in light of the above finding that they constitute "crimes of violence," to heighten the risk of flight. Indeed, according to the evidence submitted at the hearing before the Court, the defendant allegedly spoke of using the weapons charged, in addition to others in his possession or to be procured later, to "take care of business the way the old style Klan used to." Transcript of January 25, 1994 Detention Hearing at 8–9. The defendant allegedly procured the silencer for an associate in the Ku Klux Klan who wanted the weapon to use against a Jamaican who was dating his sister, and allegedly procured the pipe bomb to take out a wall and create a fire after detonation. *See* Transcript of January 24, 1994 Presentment Hearing at 15. The defendant also allegedly sought additional bombs to affix to an automobile or against a building to start a fire, presumably to destroy the automobile or building and to injure its occupants. The serious nature and violent circumstances of the crimes charged in this case also carry the possibility of a

severe sentence, further heightening the risk of flight. *See Jackson,* 823 F.2d at 7.

Second, the defendant's personal history and familial characteristics do not support a finding of strong ties to his community. The defendant is involved in divorce proceedings with his wife, has maintained a contentious relationship with a second woman who is the mother of his two children, and is currently involved in a relationship of but two months' duration. Although the defendant is a lifelong resident of the central Connecticut area, he previously left the state to look for work, and the numerous letters submitted on his behalf fail to establish that the defendant maintains a close relationship with any group in his community except the organization of which he is the purported head. *See* exh. 501. Further, the defendant recently was laid off from his employment with the Apex Machine & Tool Company, and his employer described his attendance record as only "fair." *Id.* In short, the defendant's personal relationships and employment fail to demonstrate sufficient "stability, reliability and roots in the community." *United States v. Martir,* 782 F.2d 1141, 1146 (2d Cir.1986).

Finally, and most significantly, the defendant's criminal history demonstrates a consistent unwillingness to comply with court orders. The defendant's criminal record reveals that he was first arrested in 1986 for possession of a weapon in a motor vehicle, a charge later reduced to a breach of peace. *See* Pretrial Services Report at 2. He next was arrested for breach of peace and interfering in 1987, convicted on the interfering charge and given probation. *Id.* While on probation the defendant was again arrested in November 1989 for assault in the third degree and criminal trespass. The defendant was convicted on the assault charge and also was convicted of violating his probation, for which he received a thirty-day sentence. *Id.* The defendant was again arrested in August 1993, convicted for interfering and threatening, and placed on one year's probation. *Id.* The instant offenses allegedly were committed during this probationary period. Finally, the defendant has violated restraining orders obtained by his estranged wife. *See* Transcript of January 31, 1994 Detention Hearing at 10–11. Although none of these arrests resulted in felony convic-

tions, the conduct constituted violations of court orders on at least three occasions and evidences a significant disrespect for lawful authority.

Given the nature and strength of the government's case, the defendant's lack of deep roots to his community, and his history of disregard for court orders, the Court finds that a substantial risk of flight exists in this case. The conditions of release offered in the Pretrial Services Report are insufficient to allay this risk. The Report heavily relied upon the defendant's continued employment, the existence of a $100,000 non-surety bond co-signed by the defendant's mother Linda Balfour and his brother Ken Balfour, and the exercise of custodial oversight by Mr. Balfour. As found above, however, the defendant has been laid off from his job and his family connections appear insufficiently strong. Indeed, no *reasonable* conditions could be fashioned to counterbalance the substantial risk of flight that exists in this case. *See Martir,* 782 F.2d at 1143; *United States v. Chimurenga,* 760 F.2d 400, 403 (2d Cir. 1985). For these reasons, therefore, the Magistrate Judge's Memorandum and Order is hereby amended to include risk of flight as a basis for pretrial detention.

## C. Danger to Community.

■ The Bail Reform Act also permits the government to seek detention where there exists a serious risk that the defendant will, or will attempt to, obstruct justice or threaten or injure prospective witnesses or jurors. *See* 18 U.S.C. § 3142(f)(2)(B). To obtain detention on this ground the government must sustain its burden of proof by clear and convincing evidence. *United States v. Rodriguez,* 950 F.2d 85, 88–89 (2d Cir.1991). The Magistrate Judge appropriately applied this standard in his Memorandum and Order, finding that the defendant presents a serious risk of dangerousness. *See* Mem. and Order at 646. The evidence proffered to the Court only served to substantiate this conclusion, and accordingly it is herein adopted.

## CONCLUSION

For the reasons stated above, the Court adopts the findings set forth in Magistrate Judge Smith's January 31, 1994 filed Memo-

randum and Order concerning the presence of a "crime of violence" under 18 U.S.C. § 3156(a)(4)(B) and a risk of danger to prospective witnesses, jurors or the community under 18 U.S.C. § 3142(f)(2)(B). The Court further finds that the defendant also presents a serious risk of flight and that no terms or conditions exist that reasonably would assure his appearance in Court. Accordingly, and as so amended, Magistrate Judge Smith's Memorandum and Order is hereby AFFIRMED, APPROVED and ADOPTED.

SO ORDERED.