**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 1 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KIMBERLY A. NEWMAN,

Defendant-Appellant.

No. 97-1294
(D.C. No. 97-CR-270-S)
(D. Colo.)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THOMAS J. NEWMAN,

Defendant-Appellant.

No. 97-1295
(D.C. No. 97-CR-270-S)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before PORFILIO, EBEL, and MURPHY, Circuit Judges.

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

We have consolidated these appeals on our own motion. See Fed. R. App. p. 3(b). Defendants/appellants Kimberly A. and Thomas J. Newman appeal from the district court's order requiring their pretrial detention. We review de novo the district court's determination of mixed questions of law and fact concerning the detention decision, while accepting its findings of historical fact in support of the decision, unless they are clearly erroneous. See United States v. Kinslow, 105 F.3d 555, 557 (10th Cir. 1997).

A defendant is generally entitled to pretrial release, unless his crime falls within one of the categories enumerated in 18 U.S.C. § 3142(f)(1), or unless there is a serious risk that he will flee, obstruct justice or tamper with witnesses or the jury, see § 3142(f)(2). The district court determined that defendants were charged with a "crime of violence." See 18 U.S.C. § 3142(f)(1)(A). Having made this determination, the district court further determined that no conditions or combination of conditions would reasonably assure defendants' appearance as required and the safety of other persons and the community, See 18 U.S.C. § 3142(f).

Defendants first attack the finding that they are charged with a "crime of violence." Defendants are each charged with ten counts of possession of an unregistered firearm. See 26 U.S.C. §§ 5861. The firearms in question are ten fully functional pipe bombs, each containing powder, match heads and two-inch nails or screws. See Appellant's App. (Thomas Newman) at 93. Defendant Thomas Newman allegedly delivered the pipe bombs to undercover Missouri state troopers posing as members of a militia organization.

Defendants contend that mere possession of the pipe bombs cannot be considered a "crime of violence" within the meaning of § 3142(f)(1). A "crime of violence" for purposes of this statute, is defined as

> (A) an offense that has [as] an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
>
> (C) any felony under chapter 109A or chapter 110.

18 U.S.C. § 3156(a)(4).

The district court concluded that possession of the pipe bombs satisfied the criteria of either subsection (A) or subsection (B) of § 3156(a)(4). We are satisfied that the offense here meets the criteria of subsection (B). Possession of unregistered pipe bombs, by its very nature, involves a substantial risk of injury to

the person or property of another.  Pipe bombs are "inherently dangerous weapons for which no peaceful purpose can be seriously suggested, regardless of whether the weapons actually are used."  United States v. Dodge, 846 F. Supp. 181, 184 (D. Conn. 1994).[1]

Having concluded that defendants are indeed charged with a "crime of violence," we move on to their challenge to the district court's finding that no condition or combination of conditions would reasonably assure the safety of any other person or the community if they were released.  By statute, the facts used to underlie this finding must be supported by clear and convincing evidence.  See 18 U.S.C. § 3142(f).  Having reviewed the record, we conclude that the district court correctly determined that no condition or combination of conditions would reasonably assure the safety of the community if the Newmans were released pending trial.

---

[1]      We are not otherwise persuaded by defendants' cite to Stinson v. United States, 508 U.S. 36 (1993), a case dealing with an analogous definition for "crime of violence" in the sentencing guideline context.  See United States Sentencing Guidelines § 4B1.2.  Although the Supreme Court required the district court to give authoritative weight to commentary to the guidelines excluding the crime of felon-in-possession from the definition of a "crime of violence," see id., comment n.2, the Court acknowledged that the gloss placed by the commentary might "not be compelled by the guideline text."  Stinson, 508 U.S. at 47.  Thus, Stinson provides little or no guidance concerning application of the § 3156(a)(4) definition at issue here.

The judgments of the United States District Court for the District of Colorado are therefore AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM