UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert E. NELSON, Defendant–
Appellant.

No. 97–3141.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 26, 1998.

Decided May 6, 1998.

Barbara Z. Brook (argued), Office of the United States Attorney, South Bend, IN, for Plaintiff–Appellee.

Jay Lauer (argued), South Bend, IN, for Defendant–Appellant.

Before BAUER, WOOD, Jr., and FLAUM, Circuit Judges.

BAUER, Circuit Judge.

Robert Nelson broke into a LaPorte, Indiana sporting goods store on two separate occasions and stole a total of over sixty firearms. Nelson was apprehended after the second burglary and sentenced to 140 months in prison after pleading guilty to two counts of a five-count indictment. At the sentencing hearing, the court considered Nelson's two prior burglary convictions and found that one of the convictions was a crime of violence under the United States Sentencing Guidelines ("U.S.S.G."). On appeal, Nelson argues that the district court erred in enhancing his sentence under § 4B1.2(1)(ii) (1995) because the burglary of a commercial building does not constitute a crime of violence under the guidelines. For the reasons set forth below, we affirm the district court's sentence.

BACKGROUND

On or about September 13, 1995, Robert Nelson broke into the Rod–N–Reel Bait Shop, a licensed firearms dealership in LaPorte, Indiana, for the purpose of stealing firearms. Nelson broke the front door, smashed the display cases, and stole fourteen firearms. On or about June 4, 1996, Nelson again broke into the Rod–N–Reel Bait Shop, for the same purpose of stealing and carrying away firearms. For his second burglary of the Rod–N–Reel Bait Shop, Nelson had a partner; the two stole thirty-three guns.

Nelson was arrested in Toledo, Ohio on February 13, 1997, and removed to Indiana.

On March 7, 1997, a grand jury sitting in the Northern District of Indiana, South Bend Division, returned a five count indictment against Nelson. Counts 1 and 2 charged Nelson with stealing firearms from a licensed firearms dealer in violation of 18 U.S.C. § 922(u); Count 3 charged Nelson with possession of stolen firearms in violation of 18 U.S.C. § 922(j); and Counts 4 and 5 charged Nelson with being in possession of firearms in violation of 18 U.S.C. § 922(g). Nelson entered a plea of guilty to Counts 1 and 2 on May 19, 1997, and on August 7, 1997 was sentenced by Judge Robert L. Miller to 140 months in prison. The plea agreement stipulated that the parties reserved the right to appeal the court's finding of whether a prior conviction for burglary of a commercial building is a crime of violence under U.S.S.G. § 4B1.2

At sentencing, Judge Miller considered Nelson's two prior burglary convictions, both for burglaries of commercial buildings. The judge found that the 1988 conviction for the burglary of a storage shed in the state of Florida was not a crime of violence under the "otherwise clause" of § 4B1.2. The court did find, however, that Nelson's 1991 conviction for the burglary of Sportsman's Corner in Indiana did constitute a crime of violence. In the 1991 burglary, Nelson made away with thirteen long guns, shotguns, and rifles. The court set Nelson's base offense level at 20, six levels higher than he feels was proper. Nelson filed timely notice of appeal.

## ANALYSIS

■ Nelson pled guilty to two counts of stealing firearms from a licensed firearms dealer, in violation of 18 U.S.C. § 922(u). U.S.S.G. § 2K2.1 provides the base offense level for theft of firearms. According to the guideline, the defendant starts with a base offense level of 14 if he is a "prohibited person" (which Nelson is by virtue of his prior felony record). U.S.S.G. § 2K2.1(a)(6). If the defendant has a prior conviction for a crime of violence, his base offense level is increased to 20. U.S.S.G. § 2K2.1(a)(4)(A). Two prior convictions for crimes of violence raises the base offense level to 24. U.S.S.G. § 2K2.1(a)(2). (Commentary Note 5 of

§ 2K2.1 refers to § 4B1.2 for the definition of a crime of violence.) Under § 4B1.2, the term "crime of violence" means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(ii) is burglary of a dwelling, . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another."

In a well-reasoned opinion, Judge Miller considered Nelson's two prior burglary convictions and determined that one of them involved a crime of violence as defined in § 4B1.2. The judge held that Nelson's 1991 conviction for the burglary of Sportsman's Corner was a prior conviction involving a crime of violence, while his 1988 conviction for burglary of a shed and grand theft was not. The judge therefore set Nelson's base offense level at 20.

■ We have jurisdiction over Nelson's appeal of his sentence only if it: (1) was imposed in violation of the law; (2) resulted from an incorrect application of the sentencing guidelines; (3) is outside the applicable guideline range; or (4) was unreasonable (in the case where there is no applicable Guideline). 18 U.S.C. § 3742(a); *United States v. Prevatte*, 66 F.3d 840, 843 (7th Cir.1995). Nelson claims that the district court erred in applying the U.S.S.G. insofar as it held that his 1991 burglary in LaPorte, Indiana, of Sportsman's Corner was a crime of violence under U.S.S.G. § 4B1.2(1)(ii). Whether Nelson's 1991 conviction for burglary of a commercial building is a crime of violence under § 4B1.2 is a question of law that we review *de novo*. *United States v. Unthank*, 109 F.3d 1205, 1208 (7th Cir.1997).

■ In determining whether this burglary presented a serious risk of physical injury to others, the district court correctly held that it may only look to the conduct set forth in the indictment and/or information. *See United States v. Shannon*, 110 F.3d 382, 384 (7th Cir.1997) (en banc), *cert. denied*, —— U.S. ——, 118 S.Ct. 223, 139 L.Ed.2d 156 (1997). The district court took a middle course and declined to adopt a per se rule that commercial burglaries are crimes of violence and always present a risk of physical

injury. *See also United States v. Hicks*, 122 F.3d 12, 13 (7th Cir.1997) (declining to decide whether the burglary of a building that is not a dwelling might still be classified as a crime of violence per se under the catchall provision of U.S.S.G. § 4B1.2(1)(ii)). We, too, avoid a per se rule. We hold only that the facts of this case warrant the conclusion that Nelson's burglary in 1991 of Sportsman's Corner did create a substantial risk of physical confrontation and "resultant physical injury," thereby constituting a crime of violence within the meaning of U.S.S.G. § 4B1.2(1)(ii).

The Information Affidavit of Nelson's 1991 burglary at Sportsman's Corner indicates that a potential risk of physical injury was posed: an alarm went off during the burglary and Nelson was in possession of thirteen guns, a fact which very obviously makes for a dangerous situation. The police were summoned by the alarm, and the possibility of an armed confrontation was easily foreseeable. "The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate." *Taylor v. United States*, 495 U.S. 575, 588, 110 S.Ct. 2143, 2153, 109 L.Ed.2d 607 (1990). That no physical injury occurred is simply fortuitous.

### CONCLUSION

The district court was correct that Nelson's 1991 conviction for burglary and theft of thirteen firearms from an Indiana sporting goods store was a crime of violence as defined by U.S.S.G. § 4B1.2. Accordingly, we AFFIRM Nelson's sentence.