**Robert E. NELSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 00–2720.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 6, 2000.[1]

Decided Jan. 10, 2001.

---

1. We consider this appeal, No. 00–2720, as successive to No. 97–3141. Accordingly, this matter has been submitted to the same panel under Internal Operating Procedure 6(b). After an examination of the briefs and the record in No. 00–2720, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FLAUM, Chief Judge, BAUER, WOOD, Jr., Circuit Judges.

## ORDER

We previously considered an appeal from Robert Nelson related to his conviction for two counts of theft of firearms, stemming from two burglaries. *See United States v. Nelson*, 143 F.3d 373 (7th Cir.1998). Nelson was sentenced to 140 months on each count, to run concurrently. In his first appeal, Nelson objected to sentencing enhancements, and we affirmed the district court's decision. Nelson later filed a 28 U.S.C. § 2255 petition, claiming that the imposition of concurrent sentences was beyond the statutory maximum for violation of 18 U.S.C. § 922(u). The district court agreed that the sentence was illegal. To correct the problem, the court restructured the sentence, to produce a combined sentence equal to 140 months. Specifically, the court sentenced Nelson to 120 months on Count 1 and 20 months on Count 2, to run consecutively. Nelson also claimed that he received ineffective assistance of counsel based on sentencing issues. The district court found that his attorney's performance was not unreasonable, and that Nelson had not carried his burden of showing prejudice. Nelson appeals this decision.

Nelson first argues that the consecutive sentence violates due process because it represents an upward departure which lacked prior notice. We find, however, that the district court's imposition of consecutive sentences was not an upward departure requiring notice. Instead, the district court engaged in application of U.S.S.G. § 5G1.2(d), and did so appropriately. *See United States v. Polichemi*, 219 F.3d 698, 714 (7th Cir.2000).

Nelson also appeals the district court's decision on his ineffective assistance of counsel claim. Nelson's claim is based on his attorney's failure to argue that his sentence was in excess of the

statutory minimum and his failure to argue that the government breached the plea agreement. We agree with the decision of the district court that his attorney's decisions were not unreasonable, and that Nelson has not shown that the outcome would have been different save these decisions.

Accordingly, IT IS ORDERED that Nelson's appeal is summarily AFFIRMED.