UNITED STATES of America,
Plaintiff,

v.

Timothy JENKINS, Defendant.

No. Crim.A. 6:00–00254.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Jan. 23, 2001.

---

Steven I. Loew, United States Attorney's Office, Charleston, WV, for plaintiff United States of America.

Ed Weis, Federal Public Defender's Office, Robert C. Byrd U.S. Courthouse, Charleston, WV, for defendant Timothy Jenkins.

## ORDER

GOODWIN, District Judge.

### I. INTRODUCTION

On January 18, 2001, Timothy Jenkins ("the defendant") appeared before this court and pled guilty to violating 18 U.S.C. § 922(u) and 924(i)(1) and 18 U.S.C. § 2. Specifically, the defendant pled guilty to aiding and abetting the theft of five handguns from a federally licensed dealer. After accepting the defendant's guilty plea, the court denied the defendant release on bail pending sentencing. The court found that aiding and abetting the theft of firearms from a federally licensed dealer is a crime of violence for the purpose of determining eligibility for release pursuant to 18 U.S.C. § 3143. The court writes now to explain its decision.

### II. DISCUSSION

Title 18, section 3143 of the United States Code provides that a person who has been found guilty of a crime of violence and is awaiting imposition or execution of sentence shall be detained unless the court finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted or unless the United States has recommended that no sentence of imprisonment be imposed. In addition to finding one of the preceding requirements, the court must also find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person in the community. 18 U.S.C. § 3143. As used in this title, "crime of violence" means "an offense that has [as] an element of the offense the use, attempted use, or threatened use of

physical force against the person or property of another; any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or [any one of several enumerated felonies]." 18 U.S.C. § 3156. A defendant convicted of aiding and abetting the commission of a crime is treated as if he had committed the crime itself. *See, e.g.,* 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.").

## A. Categorical Approach

■ Courts in the Fourth Circuit determine on a categorical, rather than case-by-case basis, whether a particular crime constitutes a "crime of violence." *See United States v. Aragon,* 983 F.2d 1306, 1312 (4th Cir.1993) (finding that crime of assisting or instigating escape or attempted escape of prisoner is "crime of violence" as that term is defined in 18 U.S.C. § 16); *United States v. Spry,* 76 F.Supp.2d 719, 721 n.3 (S.D.W.Va.1999) (Haden, C.J.) (finding that category of crime known as "felon in possession" is "crime of violence" for purposes of Bail Reform Act). In deciding whether a particular crime constitutes a "crime of violence" under the categorical approach, courts look to "the intrinsic nature of the offense itself as it is defined by statute" and do not consider any of the specific facts surrounding the offense. *United*

*States v. Campbell,* 28 F.Supp.2d 805, 807 (W.D.N.Y.1998).

■ For an offense to qualify as a "crime of violence," force does not have to be inevitable during the commission of the offense. *United States v. Dillard,* 214 F.3d 88, 92 (2nd Cir.2000). However, "the risk of the use of force must result from the nature of the offense, and its potential for occurrence must arise in the course of committing the offense." *Id.* (internal quotations omitted). The question, therefore, is whether the crime of stealing firearms from a federally licensed dealer inherently involves a substantial risk that physical force may be used during the commission of the offense.

## B. Nature of the Offense

■ To violate 18 U.S.C. § 922(u), a person must knowingly steal firearms from a federally licensed dealer. The court finds that the offense, by its nature, "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See* 18 U.S.C. § 3156. The risk that the theft of firearms may result in an armed confrontation—with police, with the firearm dealer, or with another individual—is great. *See United States v. Nelson,* 143 F.3d 373, 375 (7th Cir.1998) (finding that defendant, who had stolen firearms, had committed "crime of violence" under Sentencing Guidelines).[1]

The theft of firearms very often involves a physical breaking into a building, often one with an alarm system. Moreover, at some point during the commission of the crime, the perpetrators will be armed.

1. The Seventh Circuit determines whether a crime is a "crime of violence" on a case-by-case rather than categorical basis. However, the *Nelson* case is instructive because the facts of the case and the court's reasoning demonstrate the potential for violence during a violation of § 922(u). In *Nelson,* the defendant previously had broken into a sporting goods store and stolen thirteen firearms. To obtain the weapons, the defendant had broken the front door of the store and smashed the display cases. The defendant's actions triggered an alarm. The court noted that the defendant's possession of thirteen weapons, combined with the fact that the police were summoned by the alarm, created a risk of a violent confrontation. The Seventh Circuit's result hinged on the particular facts of the *Nelson* case. This court will not look at the facts of the individual case to determine whether a violation of § 922(u) is a crime of violence. However, the facts of the *Nelson* case are not atypical of the facts of a case involving a violation of § 922(u).

Therefore, a substantial risk exists that the police will arrive at the scene to find themselves in a violent confrontation. In addition, an individual who has stolen firearms is in possession of those firearms illegally. *See United States v. Spires,* 755 F.Supp. 890, 893 (C.D.Ca.1991) (finding that unlawful possession of unregistered firearm is ongoing offense that poses substantial threat to all members of society). Such individuals already have demonstrated a disregard for the law and "undoubtedly include many whose illegal possession of firearms is intended for violence." *United States v. Dillard,* 214 F.3d 88, 96 (2nd Cir.2000); *see United States v. Spry,* 76 F.Supp.2d 719, 723 (S.D.W.Va.1999) (Haden, C.J.) (finding violation of felon in possession of firearm statute constituted crime of violence under Bail Reform Act); *see also United States v. Dunn,* 946 F.2d 615, 621 (9th Cir.1991) (finding that possession of unregistered firearm is crime of violence for purposes of Bail Reform Act); *United States v. Spires,* 755 F.Supp. 890, 893 (C.D.Ca.1991) (same).

As in this case, in almost any case involving a violation of § 922(u), physical force will be used against the property of another. Firearms dealers, by necessity, keep their merchandise under lock and key at all times. If the theft occurs at a time when the store is unoccupied, the perpetrators of the crime will often have to break into the store. *See United States v. Nelson,* 143 F.3d 373, 375 (7th Cir.1998) (noting that defendant had broken front door and smashed display cases to obtain weapons). A violation of § 922(u) "involves a substantial risk that physical force against the ... property of another may be used in the course of committing the offense."

### C. Detention of Defendant

Having determined that aiding and abetting a violation of 18 U.S.C. § 922(u) is a "crime of violence," this court was required to detain the defendant unless it determined that the defendant's circumstances met the requirements described in 18 U.S.C. § 3143 for release pending sentencing. The court found that these requirements were not met and that no extraordinary circumstances warranted the release of the defendant pending sentencing. Therefore, the defendant was ordered detained pending sentencing.

The court **DIRECTS** the Clerk to (1) send a copy of this opinion to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal, and (2) publish this opinion at www.wvsd.uscourts.gov.