UNITED STATES of America Plaintiff

v.

Luis COLON OSORIO Defendant

No. CR. 01–629(CCC).

United States District Court,
D. Puerto Rico.

Feb. 11, 2002.

Antonio R. Bazán, Assistant United States Attorney, Hato Rey, PR, for the Government.

Juan F. Matos De Juan, Assistant Federal Public Defender and Gustavo A. Del Toro, San Juan, PR, for Defendant.

### OPINION AND ORDER

GELPI, United States Magistrate Judge.

An evidentiary hearing on defendant's motion requesting that the detention hearing in this case be reopened (Docket No. 31) was held today before the undersigned Magistrate–Judge.

After considering the evidence presented, as well as entertaining counsels' well-thought legal arguments, the Court **REAFFIRMS** its earlier decision to detain the defendant pending trial.

In the present case defendant stands indicted for being a felon in possession of a firearm, carrying a firearm with an obliterated serial number, and, carrying an explo-

sive device during the commission of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 922(k), and 844(h)(2)(j), respectively.

■ At the detention hearing, Special Agent Peter Alles of the Bureau of Alcohol, Tobacco and Firearms testified the following. At the time of his arrest, defendant had in his possession a Smith & Wesson nine millimeter, fully loaded, semi-automatic pistol, along with a fifteen (15) round capacity magazine. The defendant also carried a "home-made" explosive device consisting of two taped explosive cartridges with nails wrapped around the same. Agent Alles stated that if said device were to explode, it would project the nails at a high velocity, likely causing serious bodily injury or death to any person in the proximity. Upon the Court's questioning, Agent Alles stated that he knew of no benevolent use for said explosive device.

Based on the above evidence, the Court finds that releasing this defendant will pose a danger to the community. Accordingly, he will remain detained pending trial. *See* 18 U.S.C. §§ 1342(b), 1342(f)(1)(A), 1342(g)(4); *United States v. Ploof,* 851 F.2d 7, 9–10 (1st Cir.1988).

■ The Court finds that the charged offenses, in this particular case, constitute "crimes of violence" as defined in 18 U.S.C. § 3156(a)(4)(B) ("[an] offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

The Court, in issuing its ruling, is aware that there exists a split of authority as to possession offenses constituting a "crime of violence" for purposes of the Bail Reform Act. *Compare United States v. Dil-*

*lard,* 214 F.3d 88 (2nd Cir.200), *cert. denied,* 532 U.S. 907, 121 S.Ct. 1232, 149 L.Ed.2d 141 (2001) (holding that possession of a firearm by a convicted felon is a crime of violence) *with United States v. Singleton,* 182 F.3d 7 (D.C.Cir.1999) (holding that such possession is not a crime of violence).[1]

In the present case, however, the Court is not faced with the mere possession, in and of itself, of a dangerous illegal object. Rather, this case involves possession of two very lethal destructive devices, to wit, a semi-automatic pistol and a home-made explosive device. Neither device serves any useful peaceful purpose to the average ordinary, law abiding civilian. To the contrary, both are weapons designed to effectively cause immediate serious bodily harm or death. Each weapon, by itself, carries an extremely violent potential. The Court thus need not give utterance to the even more deadly potential force of the two weapons combined. *See United States v. Dodge,* 846 F.Supp. 181, 183–184 (D.Conn. 1994) (pretrial detention warranted where defendant possessed unregistered silencer and remote control operated pipebomb). *See also United States v. Newman,* 125 F.3d 863, 1997 WL 603740 (10th Cir.1997) (table) (pretrial detention warranted where defendant possessed pipebomb).

■ In an effort to convince the Court to grant him pretrial release, defendant, at the evidentiary hearing, also attempted to present evidence suggestive that he is the victim of selective prosecution by the federal government. In essence, he contends that he has been repeatedly harassed and charged criminally by federal agents and prosecutors for the sole purpose of obtaining evidence on the whereabouts of fugitive Filiberto Ojeda Rios, leader of the

---

**1.** *But see United States v. Floyd,* 172 F.3d 921, 1998 WL 700158 (D.C.Cir.1998) (table) (holding that possession of firearm by felon is a crime of violence).

politically clandestine and subversive group known as Los Macheteros, to which defendant also belonged, but has since resigned therefrom. The Court denied the introduction of said evidence on the ground that under the Bail Reform Act selective prosecution is not a factor which the Court may consider at a detention hearing. *See* 18 U.S.C. § 3142(g) (stating factors for Court to consider at detention hearing).[2] This ruling, however, does not bar defendant from subsequently raising such claim via pretrial motion.

**WHEREFORE,** in view of the above, the Court finds that the defendant poses a danger to the Community, and accordingly **ORDERS** his detention pending trial.

**SO ORDERED.**

2.  The Court was also unable to find any case-law permitting a defendant to present such evidence at a detention hearing.