HEANEY, Circuit Judge,
concurring.
As a circuit, we adhere to a fiction that the “crime of violence” enhancement can be applied categorically. As I have noted in my concurrence in United States v. Mohr, 407 F.3d 898, 902-04 (2005) (en banc), perhaps in the abstract this approach has an appeal. But as this principle is applied, our circuit has too broad an interpretation of what the guidelines mean when they state violent crimes include “conduct that presents a serious potential risk of physical injury to another.” See U.S.S.G. § 4B1.2(a)(2). To my mind, our interpretation includes abstract possibilities that violence can theoretically occur, and terms it a “crime of violence.” In crimes such as the burglary of a commercial building and car theft, we fail to consider the conduct underlying these convictions.
I suggest the crime of “escape” is similar. Escape can be as simple as failing to return on time to a work-release program, or as is the case in this matter, walking away from a community treatment center. On the other hand, it can be a planned confrontation with police and/or prison security. Our current method of determining “crimes of violence” for the purposes of the guidelines focuses only on the potential *681 for violence (which is present in almost every felony and misdemeanor) while failing to consider the gravity of the risk for violence involved in the particular facts of the offense.
Our panel is not at liberty to overturn the precedent set in United States v. Nation, 243 F.3d 467, 472-73 (8th Cir.2001). This case illustrates our circuit’s need to correct our missteps en banc, on how we evaluate “crimes of violence.” Other circuits have indeed addressed this issue as it relates to burglaries. See, e.g., United States v. Wilson, 168 F.3d 916, 929 (6th Cir.1999) (holding that while certain burglaries of a commercial building may qualify as crimes of violence, “the burglary of a non-dwelling is not a crime of violence per se under [the guidelines]”); United States v. Nelson, 143 F.3d 373, 374-75 (7th Cir. 1998) (declining to adopt a per se rule that burglaries of commercial buildings are crimes of violence); United States v. Harrison, 58 F.3d 115, 119 (4th Cir.1995) (declining to apply the career-offender enhancement when there was no evidence that predicate convictions involved burglaries of dwellings, since “under USSG § 4B1.2 only burglary of a dwelling constitutes a crime of violence”); United States v. Spell, 44 F.3d 936, 938 (11th Cir.1995) (“By explicitly including the burglary of a dwelling as a crime of violence, the Guidelines intended to exclude from the violent crime category those burglaries which do not involve dwellings and occupied structures.”); United States v. Smith, 10 F.3d 724, 730-34 (10th Cir.1993) (holding that burglary of a commercial office is not a crime of violence). Our failure to address how this circuit defines a “crime of violence” will result in significant sentencing disparities between us and the other circuits.