**UNITED STATES of America,
Plaintiff,**

v.

**Marvin SPRY, Defendant.**

**No. CR. 2:99–M–0175.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Dec. 2, 1999.

Steven I. Loew, Assistant U.S. Attorney, Charleston, WV, for plaintiff.

Mary Lou Newberger, Assistant Federal Public Defender, Charleston, WV, for defendant.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Government's motion for revocation of the Magistrate Judge's Order of Release. The Court **GRANTS** the Government's motion.

### I. FACTUAL BACKGROUND

On November 12, 1999 Defendant was arrested pursuant to a criminal complaint charging him as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The facts, while controverted and sketchy, indicate Defendant shot an individual because of a drug debt or a property dispute.

On the day of Defendant's arrest the Government moved to detain him. The Government alleged Defendant committed a crime of violence and that he was a serious risk for obstructing justice.[1] At the initial appearance, Defendant asked the Magistrate Judge to disregard the motion for detention and to release him without conducting a detention hearing. Defendant asserted Section 922(g)(1), as a

---

1. The Government now appears to abandon its obstruction of justice argument.

matter of law, does not amount to a crime of violence under the Bail Reform Act and thus cannot provide a basis for a detention hearing. The Magistrate Judge agreed and ordered Defendant released on a $10,-000 unsecured bond. No detention hearing was conducted.

The Government filed the instant motion, essentially appealing the Magistrate Judge's ruling, and the Court held a hearing on November 23, 1999. The issue is whether one arrested on the charge of being a felon in possession of a firearm can be considered as having committed a crime of violence, thus triggering a detention hearing under the Bail Reform Act. The only federal court of appeals to address the question answers it in the negative. *United States v. Singleton*, 182 F.3d 7 (D.C.Cir.1999). A number of district courts, however, part company with *Singleton. See, e.g., United States v. Chappelle*, 51 F.Supp.2d 703 (E.D.Va.1999).

Further confusing the issue, our Court of Appeals has endorsed *Singleton*'s result, but in a *sentencing* context. At the same time, however, the Court of Appeals recently recognized in another context how seriously a section 922(g) offense may impact the public. *See Pelissero v. Thompson*, 170 F.3d 442, 447 (4th Cir.1999) ("Because possessing a firearm adds an aspect of violence to otherwise nonviolent conduct by posing a risk of danger to others, we conclude that the Bureau of Prisons acted permissibly and reasonably in applying 18 U.S.C. § 3621(e)(2)(B) to deny inmates early release when their convictions involve the use or possession of firearms.").

## II. DISCUSSION

Generally persons charged with federal crimes are entitled to pretrial release under the Bail Reform Act. The general rule yields, however, when the Government moves for detention pending trial in cases involving the following:

(A) A crime of violence;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801, *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951, *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C.App.1901, *et seq.*); or

(D) any felony if a person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses[.]

18 U.S.C. § 3142(f)(1).[2] The term "crime of violence" is defined in 18 U.S.C. § 3156(a)(4):

(4) The term "crime of violence" means—

(A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

(B) any other offense that is a felony *and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense;* or

(C) Any felony under Chapter 109A [18 U.S.C.A. § 2241, *et seq.*], 110 [18

2. Subsection (2) provides for detention under the following circumstances:

Upon motion of the attorney for the government or upon the judicial officer's own motion, in a case that involves—

(A) a serious risk the person will flee; or

(B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate a prospective witness or juror.

18 U.S.C. § 3142(f)(2).

U.S.C.A. § 2251, *et seq.*], or 117 [18 U.S.C.A. § 2421, *et seq.*].

*Id.* (emphasis added).

As noted, there is a split of authority on whether a Section 922(g)(1) offense constitutes a crime of violence for purposes of the Bail Reform Act. *Singleton* summarized the then-prevailing fracture:

Federal courts are divided over whether a felon-in-possession offense is a crime of violence warranting pretrial detention. To date, *no court of appeals has issued a published opinion on the question.* Two circuits, including this one, have summarily addressed the issue in unpublished opinions that lack precedential force; a panel of this circuit concluded that section 922(g) is a crime of violence, while a panel of the Sixth Circuit disagreed. Reported opinions of district courts also are in disagreement. This district and two other districts have split internally on the question, while five districts form a majority characterizing section 922(g) as a crime of violence triggering a detention hearing.

182 F.3d at 12–13 (citations and footnotes omitted).

■■■ While both lines of authority offer compelling reasons to support their respective views, the Court believes the categorical crime-of-violence result is more consistent with (1) congressional intent relating to section 922(g) and (2) the paramount consideration of public safety.[3] Accordingly, the Court adopts the reasoning represented by this line of authority.

The Court takes this approach cognizant of our Court of Appeals' holding in *United States v. Johnson,* 953 F.2d 110 (4th Cir. 1991), albeit in a sentencing context, that section 922(g) is not categorically a crime of violence. The Court of Appeals in *Johnson* stated: "The danger inherent in the mere possession of a firearm is, in many cases, *too highly attenuated* to quali-

fy the offense as a per se 'crime of violence.'" *Id.* at 115 (emphasis added) (stating also "any 'serious potential risk of physical injury to another' depends upon a speculative chain of events in which Johnson recovers the guns and then brandishes them in the presence of another person."); *see also Aragon,* 983 F.2d at 1315 ("Unlike the crime of being a felon in possession of a firearm, the risk of physical force being used against people or property in the event of an escape attempt is not 'too highly attenuated' but immediate and substantial."); *United States v. Samuels,* 970 F.2d 1312, 1315 (4th Cir.1992) ("[T]he indictment fails to charge any conduct beyond the mere possession of firearms, and *Johnson* expressly holds that a section 922(g) offense—absent aggravating circumstances charged in the indictment—is not a 'crime of violence' for purposes of § 4(b)(1).1.").

The Court believes the use of *Johnson* and its progeny in the pretrial release setting is inappropriate for at least two reasons. First, there are a number of significant practical, if not legal, distinctions between noticing a crime of violence at the pretrial versus the sentencing stages of a criminal case. For example, designating an offense as a crime of violence at the sentencing stage irrevocably changes the length of a defendant's sentence. Once a prior offense is categorically classified as a crime of violence, the Court's sentencing discretion is very limited, and the applicable penalties are severe. Accordingly, it would be inherently unfair, by example, to subject a defendant with buried firearms in his back yard to the increased penalties reserved for those previously convicted of crimes of violence.

In contrast, designating an offense as a crime of violence pretrial merely permits (1) the Government to seek detention; and (2) the Court to peek behind the categori-

---

**3.** There is also a threshold issue as to whether the *Bail Reform Act* requires courts to identify crimes of violence on a categorical or case-by-case basis. Recognizing the weight of authority on the issue, and the apparent preference of our Court of Appeals in other contexts, the Court adopts the categorical approach. *See United States v. Aragon,* 983 F.2d 1306, 1312–13 (4th Cir.1993).

cal treatment of the offense to determine whether conditions of release exist that will ensure the safety of the community. If a defendant's firearm possession is not of an immediately dangerous character, as with buried weapons, he probably will exit the detention hearing on his own recognizance.[4] In the Court's view, the distinctions to be made between the sentencing and pretrial detention phases are manifest.

Second, *Pelissero*,[5] is suggestive of a potential shift from the primary rationale underlying *Johnson*, namely that the danger inherent in the mere possession of a firearm is too highly attenuated to qualify the offense as a *per se* crime of violence. In *Pelissero* the Court of Appeals held the Bureau of Prisons reasonably decided that convictions involving use or possession of firearms were not "non-violent offenses" that would allow early release of inmates who successfully completed a drug treatment program. Specifically, the Bureau issued a program statement providing that in all cases a conviction under section 922(g) constitutes a crime of violence. Although the two affected inmates were convicted of drug offenses accompanying their possession of firearms, the Court of Appeals observed as follows:

> While the Bureau of Prisons' definition of a crime of violence may not be consis-

tent with court interpretations of 18 U.S.C. § 924(c)(3), it is, nevertheless, a permissible and reasonable interpretation of the statute from which the Bureau derived its authority. *We agree with the Seventh Circuit's observation* in *Parsons:*

> Given the *substantial risk of danger* and the inherently violent nature of firearms, *particularly firearms in the possession of a convicted felon,* there is nothing unreasonable about the BOP's decision to classify a conviction for possession of a firearm by a felon as "a crime of violence in all cases" for purposes of determining an inmate's eligibility for early release.

*Id.* at 447.

The Court recognizes the difference on the one hand of an outright holding that section 922(g) offenses qualify as crimes of violence and on the other hand a statement that such classification is merely a permissible exercise of agency discretion. The statement in *Pelissero,* however, is of some significance in light of (1) the dissent's citation of *Johnson* to support a contrary approach, *id.* at 449 (Chambers, J., dissenting), (2) *Johnson's* complete absence from recognition in the majority opinion and (3) the dissent's observation the majority's approach was contrary to

---

4. In contrast, the Court noted at the hearing on this motion the circumstances surrounding a section 922(g) sentencing that occurred just prior. There the Defendant went to an uncle's house, struck the uncle in the head with a hammer, beat him unconscious and held him captive for a period of time. During the captivity, defendant professed his intention to kill the uncle, along with defendant's wife and children. To shorten a long and frightening story, defendant (1) stole a .22 caliber pistol from the uncle; (2) proceeded to lay in wait for his wife and child; (3) ultimately shot the wife, and likely would have killed her if not for a misfire; (4) shot at a passer-by; (5) led police on a high-speed chase; (6) ran through a public park and fired his weapon at police at least twice before ultimately being brought down by a leg wound.

This defendant was detained on *state* charges, so the issue before the Court now did not arise there. State detention might

not occur for a variety of reasons, however, ranging from an overworked state prosecutor failing to marshal the facts properly to support detention, to a defendant being released on the state charge as the result of a state plea and agreement to cooperate on other pending cases under state investigation. Were either of those eventualities, or any number of others, to occur, and were a defendant not otherwise an armed career criminal or career offender, the government and the federal judicial officer could but sit idly by, crossing their fingers in the hope the weapon-wielding defendant did not again jeopardize the safety of the community. Neither Congress, nor our Court of Appeals in its sentencing jurisprudence would intend such a result.

5. An earlier opinion in *Pelissero* was withdrawn by the Court of Appeals by order entered November 27, 1998 as the result of successful petition for rehearing. The Court has reviewed that earlier opinion as well.

"the reasoned judgment of seven of our sister circuits." *Id.* The Court believes these circumstances are of at least some import in resolving the present controversy.

Based on the foregoing, the Court **GRANTS** the Government's motion for revocation of the Release Order of the Magistrate Judge. This case is **RE-MANDED** to the Magistrate Judge forthwith for consideration of the Government's motion for a detention hearing.[6]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Magistrate Judge Hogg, counsel, the Marshal for the District and the Probation Office of this Court.

---

**6.** The Court makes no findings or draws no inferences as to the propriety of detention under these circumstances. That issue is re-served to the Magistrate Judge in the first instance.