**UNITED STATES of America**

v.

**Warren LEE, Jr.**

**No. CRIM. A. 01–146.**

United States District Court, E.D. Louisiana.

July 11, 2001.

Duane Evans, U.S. Attorney's Office, New Orleans, LA, for U.S.

Virginia Laughlin Schlueter, New Orleans, LA, for defendant.

PORTEOUS, District Judge.

Before the Court is a Motion for Reconsideration relevant to a Motion for Review of the Magistrate's Order of Detention. The parties waived oral argument and the matter was submitted on July 11, 2001, based on the briefs and evidence previously adduced. The Court, having considered the arguments of counsel, the evidence presented, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## *ORDER AND REASONS*

### I. BACKGROUND:

On May 9, 2001, Warren Lee, Jr. came before Magistrate Judge Moore on a Detention Hearing. After hearing testimony, the Magistrate Judge determined that the defendant, Warren Lee, Jr., was not entitled to release. The Magistrate Judge issued written reasons stating the testimony established that the defendant had approximately 34 arrests, with two convictions. He further provided the defendant's probation had previously been revoked and that he was charged with a crime of violence. Mr. Lee was indicted on one count involving the unlawful transport of a firearm May 18, 2001. Thereafter, the defendant moved for an expedited hearing on a Motion to Review the Magistrate's Order of Detention. This

Court heard oral argument and received additional testimony on June 5, 2001, whereupon the Court denied defendant's request to reverse the ruling of the Magistrate Judge. The defendant has now filed this Motion for Reconsideration.

## II. ARGUMENTS OF THE RESPECTIVE PARTIES:

In ordering the detention of Mr. Lee, the Magistrate Judge ruled that Lee was charged with a crime of violence. The defendant however contends that a felon in possession of a firearm violation under 18 U.S.C. § 922(g) is **not** a crime of violence for purposes of the Bail Reform Act. As such, the requirements of 18 U.S.C. § 3142(f) cannot be met in this case and detention is not appropriate. While defendant admits that this issue is one of first impression in the Fifth Circuit, defendant submits that the District of Columbia Circuit Court of Appeals, Sixth and Seventh Circuit Court of Appeals have found that a § 922(g)(1) violation does **not** constitute a crime of violence. It is argued that by its very nature, a possessory crime is not a crime of violence. There is no threat that physical force will be used merely because an individual is in possession of a firearm. Therefore, unless a defendant is charged with an additional violent offense, an individual charged solely as a felon-in-possession of a firearm should be entitled to reasonable conditions of release. As such, Mr. Lee asks this Court to make the determination that a felon-in-possession is not a crime of violence under the Bail Reform Act and release him from his pre-trial detention.

In response, the Government argues that Mr. Lee had ample time to present these arguments in the two prior hearings, yet failed to do so. As such, this Court should not consider Mr. Lee's motion because it fails to identify any new information not known to him at the time the previous hearings occurred. However, looking to the merits of the order of detention, in addition to finding that Mr. Lee was charged with a crime of violence, the Magistrate Judge determined that he had approximately 34 prior arrests, two felony convictions and a prior probation revocation. Therefore, the pre-trial detention was not based solely on the finding that he posed a danger to the community. Moreover, the Magistrate Judge correctly ruled that possession of a firearm by a convicted felon was a "crime of violence." The Second Circuit Court of Appeals has found a § 922(g) violation to be a crime of violence under the Bail Reform Act.

## III. LAW AND ANALYSIS:

The Court notes that while the Government did briefly assert that the Magistrate Judge erred as a matter of law in saying that a felon in possession of a firearm charge is a violent offense during oral argument on June 5, 2001, there was no such argument or allegation asserted in the memorandum in support. Instead, the memorandum spoke to the fact that defendant believed the Government's case to be weak and based purely on circumstantial evidence. Furthermore, defense counsel argued that she believed that the hearsay testimony of agents was insufficient to form a basis for a detention order. It is only now after defendant's request has been denied that a developed argument has been made with respect to the categorizing a felon in possession of a firearm charge as a crime of violence.

█ This Court is hesitant in all proceedings, both civil and criminal, to allow litigants two and three "bites at the apple" when there has been ample opportunity to state its case. In this instance, there was no intervening or changing law for which these arguments could not have been made

at either the first hearing before the Magistrate Judge, or subsequently argued in the Motion to Review. As such, defendant has no valid basis to move for reconsideration of this Court's ruling. However, in an abundance of caution, as this matter involves the deprivation of the defendant's freedom pending a trial on the merits, this Court will consider the merits of defendant's claim.

■■ A magistrate's order for detention may be reconsidered by the district court pursuant to 18 U.S.C. § 3145. The standard for the review is an independent review of the record to decide the appropriateness of the decision to detain. *United States v. Fortna*, 769 F.2d 243 (5th Cir.1985). While this Court must make an independent review of the evidence, it need not conduct a de novo detention hearing but may rely upon the record of the evidence given before the Magistrate Judge. *United States v. Phillips*, 732 F.Supp. 255 (D.Mass.1990).

■ Judge Marbley of the Southern District of Ohio District Court explained the reason district courts should review detention orders by magistrate judges de novo in the following statement:

> Since it is the court of original jurisdiction, the district court is primarily responsible for resolving the case, whereas magistrate judges usually assume a preliminary role in pre-trial release or detention determinations. See *United States v. Hurtado*, 779 F.2d 1467, 1481 (11th Cir.1985). The district court, therefore, should not defer to the magistrate judge's ultimate conclusion, even if "the whole process [in the district court] ... [does not] start from scratch, as if the proceedings before the magistrate had never occurred."*United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990). Rather, "[t]he point is that the district court is to make its own 'de novo' determination of facts, whether

different from or an adoption of the findings of the magistrate." *Id.* at 1193. Thus, while the district courts are not required to engage in a plenary procedure pursuant to § 3145(b), the circuit courts that have addressed the standard of review agree that some independent review is required.

*United States v. Yamini*, 91 F.Supp.2d. 1125, 1128 (S.D.Ohio, 2000). Further, a court of appeals may not have sufficient information to make a determination of appeals from detention orders unless a district court makes a de novo review of a magistrate's detention orders. *Id.* at 1129.

■ Detention hearings are not governed by the rules concerning admissibility of evidence in criminal trials. *United States v. Watkins*, 1998 WL 231035, *1, *2 (E.D.La.1998); Fed.R.Evid., Rule 1101(d)(3); 18 U.S.C. 3142(f); *U.S. v. Fortna*, 769 F.2d 243, 250 (5th Cir.1985). That is, the court may rely on hearsay or other traditionally inadmissible evidence, even though such information would not be admissible at trial. *Id.; Fortna*, 769 F.2d at 250; *U.S. v. Trosper*, 809 F.2d 1107, 1111 (5th Cir.1987).

18 U.S.C. § 3142(f) provides that a detention hearing may be held at the request of the Government in cases which involve: (1) a crime of violence; (2) an offense for which the maximum sentence is life imprisonment or death; (3) a drug offense carrying a maximum term of imprisonment of ten years or more; (4) any felony committed after the person has been convicted of two or more of the above offenses; (5) a serious risk of flight; or, (6) a serious risk that the person will obstruct or attempt to obstruct justice or threaten, injure, or intimidate or attempt to do so to a prospective witness or juror.

■■ The Court has reviewed the evidence previously adduced, heard additional testimony and considered the arguments of counsel. First, it is the finding of this

Court that the testimony presented to Magistrate Judge Moore, while based upon hearsay, is admissible pursuant to our jurisprudence. This Court adopts Magistrate Judge Moore's finding that the testimony presented before him at the May detention hearing was credible. Secondly, there is no dispute that the Circuits are divided on the issue of whether § 922(g) constitutes a crime of violence and further that the Fifth Circuit has not addressed the issue. As such, this Court has reviewed the relevant case law and concurs with the Magistrate's ruling that the defendant was charged with a crime of violence. Accordingly, this Court stands by its former ruling and denies defendant's Motion for Reconsideration as detention was properly ordered pursuant to 18 U.S.C. § 3142(f).

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration, filed on behalf of the defendant, Warren Lee, Jr., be and the same is hereby **DENIED.**