**UNITED STATES of America,
Plaintiff,**

v.

**Charles H. SHIRLEY, Defendant.**

**No. CR.A. 02–0028L–01.**

United States District Court,
W.D. Missouri,
Western Division.

March 4, 2002.

Charles Ambrose, Asst. U.S. Atty., Kansas City, MO, for Plaintiff.

Steve Moss, Asst. Federal Public Defender, Kansas City, MO, for Defendant.

## ORDER

LARSEN, United States Magistrate Judge.

Before the court are the government's motion for a detention hearing and motion to continue the hearing for three days. Title 18, United States Code, Section 3142(f) provides the grounds for ordering a detention hearing. Subsection (1) states that a detention hearing may be ordered on motion of the attorney for the government in a case that involves (A) a crime of violence, (B) an offense for which the maximum sentence is life imprisonment or death, (C) a drug offense for which a maximum term of imprisonment of 10 years is possible, or (D) any felony if the person has been convicted of two or more crimes, state or federal, which are either crimes of violence, crimes for which the maximum sentence is life imprisonment or death, or a drug offense punishable by at least ten years in prison. Subsection (2) provides that a detention hearing may be ordered on motion of the attorney for the government or upon the judicial officer's own motion in a case that involves (A) a serious risk that the person will flee, or (B) a serious risk that the person will (or will attempt to) obstruct justice or threaten, injure or intimidate a prospective witness or juror.

In this case, defendant is charged with possessing two Glock Model 22 .40 caliber semi-automatic handguns after having been convicted of a felony. In its motion for a detention hearing, the government points out that defendant has a prior state felony conviction for possession of controlled substances, and a large quantity of cocaine was found in close proximity to the firearms charged in the complaint.

In order for the government's motion for a detention hearing to be granted, the circumstances of this case must fall within one of the subsections of § 3142(f) summarized above. According to the government, the crime with which defendant is charged is punishable by a maximum of ten years in prison; therefore, subsection (1)(B) does not apply. Although the government alleges that a large amount of cocaine was found close to the firearms, defendant has not been charged with a drug offense; therefore, subsection (1)(C) does not apply. I have been made aware of only one prior felony conviction; therefore, subsection (1)(D) does not apply. There have been no facts alleged in either the affidavit in support of the complaint or the motion for a detention hearing which would allow me to conclude that there is a serious risk that the defendant will flee or attempt to obstruct justice or intimidate a witness. Therefore, subsection (2) does not apply.

In order to grant this motion for a detention hearing, therefore, I must find that

defendant is charged with a crime of violence. I have been unable to find any cases, either circuit court opinions or district court opinions, in the Eighth Circuit addressing the issue of whether being a felon in possession of a firearm is a crime of violence under the Bail Reform Act. However, the Second Circuit, in *United States v. Dillard*, 214 F.3d 88 (2nd Cir. 2000), *cert. denied*, 532 U.S. 907, 121 S.Ct. 1232, 149 L.Ed.2d 141 (2001), has found that being a felon in possession of a firearm is indeed a crime of violence under the Bail Reform Act, and I now adopt the reasoning and conclusions of that court.

The first paragraph of the *Dillard* opinion provides all the logic necessary to make this finding:

> This appeal raises the question whether a previously convicted felon, charged with illegal possession of a firearm under 18 U.S.C. § 922(g)(1) and reasonably found to be so dangerous that no "combination of conditions [of release] will reasonably assure ... the safety of any other person and the community," 18 U.S.C. § 3142(e), may be detained pending trial. The answer turns on whether the offense of being a convicted felon in possession of a firearm under section 922(g)(1) (the "felon-in-possession" offense) is a "crime of violence" within the special definition of the Bail Reform Act of 1984. *See* 18 U.S.C. §§ 3142(f), 3156(a)(4). If the offense comes within the special definition, the Act commands a hearing, and the person will be detained if the court finds him too dangerous to be released on any precautionary conditions. On the other hand, if it does not fall within the definition, no detention hearing will be held (unless a different basis of detention applies), and the person must be released,

no matter how likely it is that he will do violence.

*United States v. Dillard*, 214 F.3d at 89.

The Second Circuit chose the former option rather than the latter. The court found that the prohibition of gun possession by previously convicted criminal seeks to protect society by reducing the risk of violence that may result from the possession of guns by persons inclined to commit crime. By possessing guns in violation of that law, previously convicted criminals increase the risk that they may engage in violent acts. "The risk results from the nature of the offense." *Id.* at 93.

In finding that the risk of violence is substantial, the court reasoned that:

> The category of persons under consideration is limited to those who (a) have already been convicted of one felony (not including crimes of business regulation) and (b) have been charged with a second. Given the further fact that the issue arises only with respect to persons possessing a gun notwithstanding the illegality of doing so, we think the risk of violent use arising from the nature of the offense cannot be regarded as insubstantial.

*Id.* at 94.

A majority of other courts to consider the issue have also found that being a felon in possession of a firearm constitutes a crime of violence under the Bail Reform Act. *See United States v. Lee*, 156 F.Supp.2d 620 (E.D.La.2001); *United States v. Cruickshank*, 150 F.Supp.2d 1112 (D.Col.2001); *United States v. Stratton*, 2001 WL 527442 (D.Ariz., April 24, 2001); *United States v. Spry*, 76 F.Supp.2d 719 (S.D.W.V.1999); *United States v. Chappelle*, 51 F.Supp.2d 703 (E.D.Va.1999); *United States v. Connolly*, 1999 WL 1995186 (D.Con., December 23, 1999); *United States v. Butler*, 165 F.R.D. 68 (N.D.Ohio 1996); *United States v. Sloan*,

820 F.Supp. 1133 (S.D.Ind.1993); *United States v. Aiken*, 775 F.Supp. 855 (D.Md. 1991); *United States v. Johnson*, 704 F.Supp. 1398 (E.D.Mich.1988); *United States v. Jones*, 651 F.Supp. 1309 (E.D.Mich.1987). *See also United States v. Spires*, 755 F.Supp. 890 (C.D.Cal.1991) (possession of unregistered firearm is a crime of violence).

The only circuit court to find otherwise is the District of Columbia Circuit, which was the first circuit court to address the issue in a published opinion. In *United States v. Singleton*, 182 F.3d 7 (C.A.D.C. 1999), the court first disregarded two other circuit court opinions on the issue because the opinions were not published and therefore lacked precedential force. *Id.* at 101–02. One of those opinions was from the same circuit, the District of Columbia Circuit. In that case, a panel of the D.C. Circuit found that possession of a firearm by a convicted felon was indeed a crime of violence under the Bail Reform Act. Part of the *Singleton* court's justification for its decision follows:

> [N]ot all felons are potentially more violent than non-felons.... [A] person convicted of a non-violent crime does not become a candidate for pretrial detention merely by subsequently possessing a firearm, as such a person does not seem especially more likely to use the firearm in a violent manner. The government opposes this reasoning because § 922(g) does not distinguish between violent and non-violent felonies, reflecting Congressional recognition of the link between felons, guns, and crime. However, the policy considerations in favor of limiting felons' rights to possess firearms differ substantially from those in favor of pretrial detention of people who are presumed innocent.... The distinction between violent and non-violent felonies is therefore meaningful in the context of § 3142(f)(1)(A) determinations even though the distinction is irrelevant in § 922(g) cases.

*Id.* at 104.

As pointed out in the *Dillard* opinion, the *Singleton* reasoning is flawed. Among other obvious errors discussed at length by the court in *Dillard*, the *Singleton* court clearly undermines Congress' intent to make detention available for a broad category of potentially dangerous defendants, if determined at a hearing to be in fact dangerous. If, after a hearing, it is found that there are conditions of release that can reasonably protect the safety of the community, conditions of release will be set. It is only those defendants who are found to be too dangerous for bond who are detained—and under the reasoning of *Singleton*, those dangerous criminal defendants must be released on bond. Public policy and common sense dictate otherwise.

I adopt the lengthy and well-reasoned opinion of the Second Circuit Court of Appeals in *United States v. Dillard*, and find that the offense of being a felon in possession of a firearm is a crime of violence for purposes of the Bail Reform Act. Therefore, it is

ORDERED that pursuant to 18 U.S.C. § 3142(f)(1)(A), the government's motion for a detention hearing is granted. It is further

ORDERED that the motion for a continuance of the detention hearing is granted. It is further

ORDERED that the detention hearing is set for 11:00 a.m., Wednesday, March 6, 2002.