UNITED STATES of America,
Plaintiff–Appellee,

v.

Raymond TWINE, Defendant–
Appellant.

No. 03–10393.

United States Court of Appeals,
Ninth Circuit.

Sept. 19, 2003.

Barry J. Portman, Federal Public Defender, and Geoffrey A. Hansen, Chief Assistant Federal Public Defender, San Francisco, CA, for the appellant.

Kevin V. Ryan, United States Attorney, and Timothy J. Lucey, Assistant United States Attorney, San Francisco, CA, for the appellee.

Before: SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

## OPINION

PER CURIAM:

Defendant–Appellant Raymond Twine ("Twine"), charged with felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1), appeals the district court's pretrial detention order holding him without bail.

The district court held that the Bail Reform Act, 18 U.S.C. § 3142, authorizes Twine's pretrial detention without bail on the sole basis of a finding of dangerousness to the community. The district court alternatively held that felon in possession of a firearm is a crime of violence, and that this finding triggers the Act's express authority to hold Twine without bail pending trial after a hearing pursuant to 18 U.S.C. § 3142(f). The district court also affirmed the magistrate judge's finding of dangerousness to the community.

We are not persuaded that the Bail Reform Act authorizes pretrial detention without bail based solely on a finding of dangerousness. This interpretation of the Act would render meaningless 18 U.S.C. § 3142(f)(1) and (2). Our interpretation is in accord with our sister circuits who have ruled on this issue. See United States v. Byrd, 969 F.2d 106 (5th Cir.1992); United States v. Ploof, 851 F.2d 7 (1st Cir.1988); United States v. Himler, 797 F.2d 156 (3d Cir.1986).

There is a circuit split, and there are arguments both in support of and against the conclusion that felon in possession of a

firearm is a crime of violence. *See United States v. Lane*, 252 F.3d 905 (7th Cir.2001); *United States v. Dillard*, 214 F.3d 88 (2d Cir.2000); *United States v. Singleton*, 182 F.3d 7 (D.C.Cir.1999). However, we are bound by our holding in *United States v. Canon*, 993 F.2d 1439, 1441 (9th Cir.1993). Consistent with *Canon*, we hold that 18 U.S.C. § 922(g)—felon in possession of a firearm—is not a crime of violence for purposes of the Bail Reform Act.

The detention order is reversed and the case remanded to the district court to establish appropriate conditions of release pursuant to 18 U.S.C. § 3142.[1]

The mandate shall issue forthwith.

REVERSED and REMANDED.

---

1. Twine's evidentiary challenges, besides not having been raised in the district court, have been mooted by our remand for a new hearing to establish appropriate conditions of release.