**UNITED STATES of America**

v.

**Clifford ALLEN Defendant.**

**No. CRIM. AMD–04–0220.**

United States District Court,
D. Maryland.

Jan. 13, 2006.

---

John Francis Purcell, Jr., Office of the United States Attorney, Baltimore, MD, Thomas M. Dibiagio, Beveridge and Diamond PC, Washington, DC, for United States of America.

### MEMORANDUM OPINION

GAUVEY, United States Magistrate Judge.

### I. *Overview*

Clifford ("Jerome") Allen, a convicted felon, is charged in a single count indictment for possession of a firearm after being convicted of an offense punishable by a term of imprisonment exceeding one year, pursuant to 18 U.S.C. § 922(g). Allen seeks pretrial release, but the Court concludes that his felon-in-possession offense constitutes a crime of violence for purposes of the Bail Reform Act, 18 U.S.C.

§ 3141 *et seq.*, and the defendant should be detained.

### II. *Procedural and Factual Background*

A grand jury indicted the defendant on April 22, 2004. At his initial appearance on July 28, 2004, the government moved for detention on the grounds of dangerousness and risk of flight. The government initially argued that the defendant was eligible for detention pursuant to 18 U.S.C. § 3142(f)(1)(D), applicable if a defendant had been convicted of two or more violent crimes or offenses for which the maximum sentence is life imprisonment or death, and 18 U.S.C. § 3142(f)(2), applicable if a defendant poses a risk of flight or risk of obstructing justice, threatening, or injuring witnesses. On August 11, 2004, the Court concluded upon review of the defendant's criminal history in the Pretrial Services Report that he was not eligible for detention pursuant to 18 U.S.C. § 3142(f)(1)(D) because the defendant had only one prior "offense" rather than the two offenses required by law. *See United States v. Selby*, 333 F.Supp.2d 367 (D.Md.2004)(holding that predicate convictions must arise from separate criminal episodes in order for a defendant to be detained on grounds of dangerousness).

At a subsequent hearing conducted on August 13, 2004, the question arose as to whether the felon-in-possession charge would make the defendant eligible for detention under 18 U.S.C. § 3142(f)(1)(A), which permits a judge to hold a detention hearing when a crime of violence is involved. The Court held this legal question *sub curia*, and went forward with the detention hearing. The Court reviewed the defendant's criminal history and heard testimony about the circumstances leading to his present arrest. In 1999, Allen was convicted in the Circuit Court of Baltimore

City of two felonies: first degree assault and unlawful use of a handgun in the commission of a crime. The court handed down a twenty-year suspended sentence for which the defendant was to serve three years probation for each charge. His criminal record provides that he has incurred several parole violations including not obtaining employment, failing to report as directed, and being arrested on several occasions. Records state that Allen's parole case was closed at a parole violation hearing on July 23, 2004.

On October 31, 2003, two officers of the Baltimore City Police were on routine patrol in the 1500 block of North Montford Avenue. They observed three males who appeared to be fighting near an alleyway entrance. Upon arriving closer to the area, the officers observed one male, later identified as the defendant Allen, grasping the collar of a second unknown male. A second man was kneeling on the ground, and Allen was pointing a black handgun at the individual's head.

Upon viewing the situation, one of the officers exited the patrol car and chased Allen through the alley. Allen discarded the gun there, which was later recovered and found to be fully loaded and with an obliterated serial number. Allen was later apprehended while attempting to flee in a getaway vehicle.

Based on Allen's possession of a firearm after having been previously convicted of a felony, this Court concludes that the offense at issue constitutes a crime of violence for purposes of the Bail Reform Act and requires a detention hearing for consideration of Allen's individual circumstances. The Court determines that no set of conditions exist to assure the safety of the community, and accordingly detains Allen. The defendant then moved for re-view of the pretrial detention order, which was affirmed by the Honorable Andre M. Davis.

## III. *Analysis*

■ There is a split among the circuits over whether a felon-in-possession of a firearm is a "crime of violence" under the Bail Reform Act. The Fourth Circuit has not yet ruled on the question. The Court of Appeals for the Second Circuit and a substantial number of district courts have found that felony possession is a crime of violence. *See United States v. Dillard*, 214 F.3d 88, 92–3 (2d Cir.2000); *United States v. Powers*, 318 F.Supp.2d 339, 342 (W.D.Va.2004); *United States v. Spry*, 76 F.Supp.2d 719, 722 (S.D.W.Va.1999); *United States v. Chappelle*, 51 F.Supp.2d 703, 704 (E.D.Va.1999); *United States v. Aiken*, 775 F.Supp. 855, 856–7 (D.Md.1991);; *United States v. Lee*, 156 F.Supp.2d 620, 624 (E.D.La.2001); *United States v. Jones*, 651 F.Supp. 1309, 1310 (E.D.Mich.1987) [1]; *United States v. Shirley*, 189 F.Supp.2d 966, 968–9 (W.D.Mo.2002). *See also United States v. Rogers*, 371 F.3d 1225, 1228 (10th Cir.2004)(possession of a firearm following a misdemeanor conviction of domestic violation is a "crime of violence" under the Bail Reform Act).

However, five circuits now have reached the opposite conclusion, holding that a felon in possession of a handgun is not a crime of violence. *See United States v. Bowers*, 432 F.3d 518 (3d Cir.2005); *United States v. Johnson*, 399 F.3d 1297, 1302 (11th Cir.2005); *United States v. Twine*, 344 F.3d 987, 987–8 (9th Cir.2003); *United States v. Lane*, 252 F.3d 905, 908 (7th Cir.2001); *United States v. Singleton*, 182 F.3d 7, 16 (D.C.Cir.1999). *See also United States v. Silva*, 133 F.Supp.2d 104, 113

1. *But see United States v. Hardon*, 1998 WL 320945, *1 (6th Cir.1998) (unpublished) (possession of a firearm and ammunition by a felon is not a crime of violence under the Bail Reform Act.)

(D.Mass.2001). *But see United States v. Phillips*, 732 F.Supp. 255 (D.Mass.1990) (offense of being a felon in possession of a firearm is, by its nature, a crime of violence).[2]

Even within this district, a split seemingly exists as to the nature of the felon-in-possession offense. *Compare Aiken*, 775 F.Supp. at 856–7 (holding felon-in-possession of a firearm is a "crime of violence"), *with United States v. Flood*, No. 97–0479 (D.Md. January 21, 1998)(stating that *Aiken* was not good law and would not be followed).

### A. The Bail Reform Act and the Felon–in–Possession Statute

The Bail Reform Act of 1984 ("Act"), 18 U.S.C. § 3141 *et seq.*, authorizes a court to order a defendant's detention pending trial in certain circumstances if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community...." 18 U.S.C. § 3142(e).

The Government may move for pretrial detention under § 3142(e) if it satisfies at least one of the six categories listed in § 3142(f).[3] *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir.1992). Of the enumerated circumstances in which the government may make a motion to seek detention is where the case "involves a crime of violence...." 18 U.S.C. § 3142(f)(1)(A). While the Act defines "crime of violence," it does not specifically identify all those federal crimes that fit within the statutory definition.[4]

In fact, the Act defines "crime of violence" alternatively. The first definition addresses crimes with a direct relationship to the use of force, insofar as it covers any "offense that has an element of the offense, the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4)(A). This denotation requires

---

**2.** The Eighth Circuit has not addressed the issue at this time.

**3.** See 18 U.S.C. § 3142(f):

Detention hearing.—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—
(1) upon motion of the attorney for the Government, in a case that involves—
(A) a crime of violence;
(B) an offense for which the maximum sentence is life imprisonment or death;
(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.); or
(D) any felony if such person has been convicted of two or more offenses de-

scribed in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
(2) Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves—
(A) a serious risk that such person will flee; or
(B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

**4.** The Act does include the crimes of sexual abuse, sexual exploitation and other abuse of children, and transportation for illegal sexual activity as "crimes of violence." 18 U.S.C. § 3156(a)(4)(C).

a direct nexus between the use of force and the charged offense.

Felon-in-possession of a firearm is instead a status offense that does not necessarily involve the outright use of force.[5] The second definition of "crime of violence" is therefore more relevant: "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 3156(a)(4)(B). From the language alone, the second definition is noticeably broader than the first, as it does not require force as a necessary element of the charged offense.

## B.  *Precedent in this Court*

In 1991, the district court (District Judge Herbert Murray) considered whether a felon in possession of a firearm constituted a crime of violence so as to require a pretrial detention hearing. *Aiken,* 775 F.Supp. at 855. At the time, the issue was of first impression within the Fourth Circuit. *Id.* The court began by analyzing the words "by its nature" in section 3142(f) to determine whether an offense involves a "substantial risk" of the use of physical force against a person or their property. *Id.* at 856. The court adopted a categorical approach and concluded that it could examine only the "intrinsic nature of the offenses and not the actual conduct of the individual." *Id.*

The *Aiken* court, recognizing other cases that remarked on the inherent dangerousness of a felon who was in possession of a firearm, concluded that such a person posed an "increased risk . . . to use a firearm already in his possession to commit another crime." *Id.* at 856–57. *Aiken* emphasized the proclivity of a felon to use a firearm for criminal purposes, such that these individuals pose a "substantial risk" of force being used against another. The court found as a matter of law that felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) constituted a "crime of violence" for purposes of holding a detention hearing. *Id.* at 857.

On the same date that *Aiken* was decided, the Fourth Circuit heard oral arguments in *United States v. Johnson,* 953 F.2d 110 (4th Cir.1991). In that case, the court considered whether the offense of felon in possession of a firearm should be considered a *per se* crime of violence under the U.S. Sentencing Guidelines. *Johnson* does not contain any analysis of the risk that felons who have guns pose to society. The court did state that "[w]hile a felon in possession of a firearm may pose a statistical danger to society . . . [the Court] refuse[d] to interpret this statistical threat [of felons in possession of firearms] as evidence of specific intent on the part of an individual defendant." *Id.* at 115. The Fourth Circuit held that felon in possession of a firearm did not constitute a *per se* "crime of violence" under U.S.S.G. § 4B1.2.[6] Significantly, *Johnson* was limit-

---

5.  The relevant language states:
    It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18  U.S.C. § 922(g)(1).

6.  The Fourth Circuit noted that the commentary to the U.S. Sentencing Guidelines was amended effective November 1, 1991, to specifically eliminate unlawful possession of a firearm by a felon from the definition of "crime of violence." *Johnson,* 953 F.2d at 115 n. 5.

ed to the felon-in-possession offense in the post-trial sentencing context, not the pre-trial detention setting. *See Spry,* 76 F.Supp.2d at 721–22 (describing why *Johnson* and its progeny are inappropriate precedent in the detention hearing context).

Seven years later, this court (District Judge Deborah Chasanow) revisited the issue at a hearing to vacate a pretrial detention order. Judge Chasanow did not issue a written decision in *United States v. Flood,* No. 97–0479 (D.Md. Feb. 3, 1998)(hearing to vacate detention order), but the decision was widely known among the bench and the bar. The transcript from the hearing reveals the *Flood* court's reluctance to adhere to the rule set forth under *Aiken* that felon-in-possession is a crime of violence for purposes of triggering a detention hearing. *Flood* suggests that *Aiken* would have been decided differently had it benefitted from the Fourth Circuit's decision in *Johnson* and other developments like the Sentencing Guidelines' revision of the definition of "crime of violence" to exclude felon in possession of a firearm. In other words, *Flood* was premised on the notion that the *Aiken* court would have decided differently if *Johnson* were available at the time as guidance.

*Flood* does not examine the Bail Reform Act and its legislative history. Instead, it relies solely on *Johnson* and its treatment of a Sentencing Guidelines issue rather than the extensive statutory interpretation of the Act required here. Furthermore, *Flood*'s interpretation and reliance on the Fourth Circuit's holding in *Johnson* may be misplaced, especially in light of more recent appellate decisions.

Specifically, in *Pelissero v. W.J. Thompson,* 170 F.3d 442 (4th Cir.1999), the majority opinion conspicuously failed to make any reference to its earlier decision in *Johnson.* At issue in *Pelissero* was an identically worded definition of "crime of violence" in 18 U.S.C. § 924(c)(3). Congress had authorized the Bureau of Prisons to grant or deny sentence reductions to eligible prisoners, leading to their early release from prison. 18 U.S.C. § 3621(e)(2)(B) A prisoner was considered eligible if he had been convicted of a "non-violent offense," which a regulation defined as the converse of "crime of violence." *Pelissero,* 170 F.3d at 444. The Bureau of Prisons had interpreted this regulation in a program statement including a long list of crimes that would make defendants ineligible for early release including felon in possession of a firearm. The majority opinion quoted with approval an earlier 7th Circuit decision on the same issue. "Given the substantial risk of danger and the inherently violent nature of firearms, particularly firearms in the possession of a convicted felon, there is nothing unreasonable about BOP's decision to classify a conviction for possession of a firearm by a felon as 'a crime of violence in all cases' for purposes of determining an inmate's eligibility for early release." *Id.* at 447. The Fourth Circuit concluded that the Bureau of Prisons's implementation of the statute was reasonable "[b]ecause possessing a firearm adds an aspect of violence to otherwise nonviolent conduct by posing a risk of danger to others." *Id.* at 447.

*Pelissero* impacts heavily on the weight that should be given to the earlier *Johnson* case. The *Pelissero* majority never discussed *Johnson,* appearing to disavow its conclusion. This failure to mention *Johnson* is remarkable in light of the opposite outcomes of the cases dealing with similar definitions of "crime of violence" and the identical issue of whether felony in possession fit within those definitions. The dissent in *Pelissero* recognizes the contradiction and insists that the court should have bound the Bureau of Prisons to the earlier interpretation in *Johnson* of felony in possession as not being a *per se* "crime

of violence." *Id.* at 449 (Chambers, J., dissenting). Nonetheless, the omission of *Johnson* from the majority's analysis in *Pelissero* intimates that *Johnson* may no longer be good law, or at least "suggest[s] ... of a potential shift from the primary rationale underlying *Johnson,* namely that the danger inherent in the mere possession of a firearm is too highly attenuated to qualify the offense as a *per se* crime of violence." *United States v. Spry,* 76 F.Supp.2d 719, 722 (S.D.W.Va.1999).

## C. *Felon–In–Possession Under the Bail Reform Act*

The Court initially finds that the categorical approach should be used to determine whether a felon-in-possession offense amounts to a "crime of violence" for the purpose of triggering a detention hearing. *See United States v. Aragon,* 983 F.2d 1306, 1312 (4th Cir.1993) ("Giving the term 'by its nature' its natural and plain meaning, [the statute] directs the court to look to the generic nature of an offense in deciding whether the offense is a "crime of violence." "). Consequently, without reference to the specific facts of a particular defendant's conduct,[7] the Court agrees with the Second Circuit's holding in *United States v. Dillard,* 214 F.3d 88 (2000), and concludes that felony in possession constitutes a crime of violence for which a detention hearing may be held.

The *Dillard* decision is extremely well-reasoned, thoroughly researched, and more persuasive than decisions from other circuits that have dealt with this same issue. In its analysis, the Second Circuit first looked at the language of the felon-in-possession law, 18 U.S.C. § 922(g)(1), as well as the related statutory provision that excludes many types of nonviolent felony crimes from its ambit. *Dillard,* 214 F.3d at 94. The provision, 18 U.S.C. § 921(a)(20)(A) removes all "Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices" from the coverage of section 922(g)(1)'s prohibition against felons possessing firearms. The Seventh, Eleventh, and D.C. Circuits did not take such a close look at this distinction that Congress drew between nonviolent and violent felonies. *United States v. Johnson,* 399 F.3d 1297 (11th Cir.2005); *United States v. Lane,* 252 F.3d 905 (7th Cir.2001); *United States v. Singleton,* 182 F.3d 7 (D.C.Cir.1999). Thus, Congress carefully excluded most nonviolent "economic" felonies from the definition of "crime punishable by imprisonment for a term exceeding one year" so that the felon-in-possession charge would seemingly apply to felons who have more violent backgrounds and are likely to pose a greater danger to the community.[8]

---

**7.** While the particularly heinous facts proffered in this case do not bear on the legal question, those facts certainly caused the Court to look more critically at the *Flood, Singleton* and other decisions which had to date informed the Court's view that felon-in-possession was not a crime of violence.

**8.** The statutory definition does not exclude other nonviolent "non-economic" felonies. As a result, other courts have concluded the crime of felon in possession of a handgun does not necessarily entail a substantial risk of violence. *See, e.g. United States v. Lane,* 252 F.3d 905, 906 (7th Cir.2001). However, the failure to exclude every nonviolent felony

is not a fatal defect, *See Star Scientific Inc. v. Beales,* 278 F.3d 339, 352 (4th Cir.2002)(holding in rejecting equal protection claim that "rational distinctions may be made with substantially less than mathematical exactitude"); *Thomasson v. Perry,* 80 F.3d 915 (4th Cir. 1996) (under rational basis equal protection standard, "classification does not fail because it is not made with mathematical nicety or because in practice it results in some inequality."), particularly when, as discussed *supra,* the court's experience shows in the vast majority of cases brought before it on this issue, the underlying felony conviction involves vio-

The Second Circuit next studied the language and structure of the Bail Reform Act, observations about felons who possessed guns, and the legislative history behind both the Bail Reform Act and the Gun Control Act of 1968. *Dillard,* 214 F.3d at 95–97. The court focused its attention on the narrow question of whether the risk of violent use of an illegally possessed firearm by a convicted felon is "substantial"; it concluded—as does this Court—that "the risk of violent use arising from the nature of the offense cannot be regarded as insubstantial." *Id.* at 94.

This judge's experience is certainly consistent with the legislative view. Felon-in-possession charges ordinarily arise from the possession of a handgun in the context of suspected criminal activity (almost always drug dealing), where the violent use of a handgun is a real possibility, if not, a probability. Moreover, it is the rare case where the underlying offense is a nonviolent or non-drug related offense.

The *Dillard* court's examination of the legislative history reveals Congress' intention for felons charged with illegally possessing a gun to be eligible for detention under the Bail Reform Act. *Id.* at 95. The court noted the purpose of the Act, which was the creation of a mechanism by which courts could consider pretrial detention of defendants based on danger to the community, a reform necessary under the former version of the law. *Id.* The practical consequences of including unlawful arms possession within the Act's definition of "crime of violence" would allow for a detention hearing at which a judge could then evaluate evidence of a defendant's dangerousness. *Id.* at 96–97. In addition, the court's examination of history behind the felon-in-possession statute revealed that Congress regarded convicted felons as persons "who pose serious risks of . . . danger to the community." *Id.* at 95.

The Second Circuit explained the appropriateness of a more expansive definition of "crime of violence" under the Bail Reform Act than under the Sentencing Guidelines:

> In our view, the Sentencing Commission's determination that felon-in-possession is not a "crime of violence" under the Guidelines' "career offender" sentencing enhancement has little bearing on whether "felon-in-possession" is a "crime of violence" for purposes of the Bail Reform Act. While the Sentencing Commission has broad authority to interpret the Sentencing Guidelines, see 28 U.S.C. §§ 994, 995, it has no authority to interpret the Bail Reform Act. More importantly, the considerations at stake in the "career offender" sentencing provisions are vastly different from those affecting release or detention. . . . Thus, the Sentencing Commission's conclusion that felon-in-possession is not a "crime of violence" for purposes of the Guidelines' "career offender" provision has no influence on whether felon-in-possession is a "crime of violence" under the Bail Reform Act. Statutes and rules created in different contexts and for different purposes may have different meanings, notwithstanding the use of similar words.

*Id.* at 103. Indeed, classifying felon-in-possession as a "crime of violence" at the pretrial versus the post-trial stages has very different consequences. *See U.S. Sentencing Guidelines Manual* § 4B1.1 (setting forth enhanced penalties for "career offenders" who have committed "a crime of violence" or "a controlled substance offense"). During the pre-trial period, defining felon-in-possession of a firearm as a "crime of violence" would do nothing more than trigger the holding of a detention hearing. *Id.* at 96. "Holding a

lence, drug dealing and/or other handgun of-      fenses.

detention hearing for persons charged under the felon in possession statute does not mean that convicted felons charged under this statute regularly or routinely will be detained. . . . Holding a detention hearing merely permits the court 'to peek behind the categorical treatment of the offense to determine whether the conditions of release exist that will ensure the safety of the community.'" *United States v. Powers,* 318 F.Supp.2d 339, 343 (W.D.Va.2004)(quoting *United States v. Spry,* 76 F.Supp.2d, 719, 721–22 (S.D.W.Va.1999)).

On the other hand, after trial the classification of felony in possession as a "crime of violence" often means the imposition of a more burdensome prison sentence. Congress mandated that the U.S. Sentencing Guideline "specify a sentence to a term of imprisonment at or near the maximum term" in cases where repeat offenders are convicted of a "crime of violence." 28 U.S.C. § 994(h). Therefore, the classification of an offense as a "crime of violence" under the Sentencing Guidelines can generate a recommendation for a severe punishment, a consequence altogether different from classifying an offense as a "crime of violence" under the Bail Reform Act.

In light of the thorough analysis conducted by the Second Circuit in *Dillard,* the Court adopts the approach taken by that and other district courts within the Fourth Circuit in *Spry, Chappelle,* and *Aiken.* A detention hearing is necessary for the court to evaluate whether these defendants should be held prior to trial to assure the safety of the community.

After ruling from the bench but before issuance of a written decision, the Supreme Court ruled in *Leocal v. Ashcroft,* 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004) that "driving under the influence" did not constitute a crime of violence for purposes of removal proceedings under the Immigration and Nationality Act ("INA"),

8 U.S.C. § 1227(a)(2)(A)(iii), because the state DUI offense neither contained a *mens rea* component nor involved a substantial risk that the offender would use physical force in completing the crime. This Court does not think that decision undermines its ruling. First, even though 18 U.S.C. § 16(b) at issue in *Leocal* and 18 U.S.C. § 3156(a)(4) (2004) of the Bail Reform Act define "crime of violence" the same, "[s]tatutes and rules created in different contexts and for different purposes may have different meanings, notwithstanding the use of similar words." *United States v. Powers,* 318 F.Supp.2d 339, 342 (W.D.Va.2004) (citing *United States v. Dillard,* 214 F.3d 88, 92–3 (2d Cir.2000) (comparing definition of crimes of violence under the Sentencing Guidelines with the Bail Reform Act definition)). Here, as discussed *supra,* practical and legal differences exist between designating the offense as a crime of violence in removal proceedings and merely permitting the conduct of a pretrial detention hearing under the Bail Reform Act. *United States v. Dillard,* 214 F.3d 88, 96 (2d Cir.2000) (holding Congress would have defined felony possession as a crime of violence if it had focused on the specific question, because its exclusion would do serious harm to the Act's objectives). *See also United States v. Moore,* 420 F.3d 1218, 1223 (10th Cir.2005) (refusing to extend *Leocal* to definition of crime of violence under the Sentencing Guidelines).

Second, analysis of the crime of felon in possession under the *Leocal* framework strongly suggests a finding that it is a crime of violence. The Court held that 16(b), the analogous section to 3156(a)(4)(B) "simply covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense." *Id.* at 383. The Court rejected the applicability of 16(b) to DUI cases finding

[i]n no 'ordinary or natural' sense can it be said that a person risks having to 'use' force against another person in the course of operating a vehicle while intoxicated and causing injury.

*Id.* at 383.

However, in an ordinary or natural sense it can be said that a felon risks having to use physical force against another person in the course of the illegal possession of a firearm. This indeed is the raison d'etre of the establishment of the crime of felon in possession itself.

Moreover, the crime of felon in possession, unlike driving under the influence, is in the "tradition of crimes that involve the possibility of more closely related active violence." *Leocal,* 125 S.Ct. at 384. Or, as the Second Circuit observed:

> Doesn't the possession of a gun create a risk that the gun will be used violently? Isn't that the very reason Congress chose to prohibit the possession of guns by convicted felons.

*Dillard,* 214 F.3d at 100. Felon-in-possession by its nature involves a substantial risk that the felon will use force in the course of his illegal possession. That was the conclusion that the Congress reached in passing the legislation initially.

Thus, the Court does not believe that *Leocal* undermines the treatment of a felon-in-possession of a firearm as a "crime of violence" under 18 U.S.C. § 3156(a)(4)(B) in light of the language of the legislative history and the structure of the Bail Reform Act already discussed.[9] Rather, this Court finds that a felon who possesses a firearm has committed a crime of violence for purposes of holding a detention hearing under 18 U.S.C. § 3142(f)(1)(A).

### D. Consideration of the Defendant's Individual Circumstances

■ Because the court finds that a charge of being a felon in possession of a weapon pursuant to § 922(g) is a "crime of violence" as defined by the Bail Reform Act, the next step is to hold a detention hearing to determine if "any condition or combination of conditions... will reasonably assure the appearance of the person as required and the safety of any other person in the community...." 18 U.S.C. § 3142(f). At this stage, the Court considers the defendant's individualized history and factual circumstances leading to arrest that was not permitted at the earlier stage under a categorical treatment.[10]

9. The Eleventh Circuit did find *Leocal* instructive (though admittedly not controlling), in its decision that possession of a firearm by a felon was not a crime of violence within the meaning of the detention statute:

> The teaching of *Leocal* requires us to ask whether the offense of [felon-in-possession] categorically presents a substantial risk of violence. We conclude that the answer is "No." Although possession of a firearm by a felon, like drunk driving, may in some cases involve *conduct* that creates a heightened risk of injury or violence, it cannot be said that the *offense* of simple possession of a firearm "naturally involve[s] a person acting in disregard of the risk that physical force might be used against another in committing an offense."

*U.S. v. Johnson,* 399 F.3d 1297, 1302 (11th Cir.2005)(quoting *Leocal,* 125 S.Ct. at 383)(emphasis in original). But *compare Lisbey v. Gonzales,* 420 F.3d 930 (9th Cir.2005) (crime of sexual battery is a crime of violence as it carries a substantial risk of force under § 16(b)).

10. In determining whether conditions exist that can reasonably assure the safety of the community, courts must assess:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical, and mental condition, family ties, employment,

Applying the principles set forth in 18 U.S.C. § 3142(g) to these facts, the Court finds that the defendant poses a danger to the community. First, for the reasons set forth earlier, the defendant's charge of felony-in-possession does involve a "crime of violence." 18 U.S.C. § 3142(g)(1). Second, the defendant has a serious criminal record, including a previous offense for using a firearm during the commission of a felony. 18 U.S.C. § 3142(g)(3)(A).

Even more compelling are the underlying facts of the current arrest the Court described earlier that lucidly portray the defendant's serious dangerousness. An officer testified very credibly to the scene preceding arrest at which Allen was pointing a gun at the head of another individual who was kneeling on the ground. This situation is precisely what Congress foresaw when passing the Bail Reform Act and fashioning the felon-in-possession statute, and why the Court cannot ignore the substantial risks that felons in possession of guns pose to society. *See Dillard,* 214 F.3d at 95 ("...the most compelling indications drawn from the legislative history... support the conclusion that, had Congress focused on the very question, it would have intended felons illegally in possession to be eligible for detention...").

The Court finds that no condition or combination of conditions can assure the safety of the community. Consequently, the Court ORDERS the defendant DETAINED.

---

financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).